David Johnstone SCOTT, Appellant,
v.
UNITED STATES of America, Appellee.
No. 17150.

United States Court of Appeals Fifth Circuit.
Feb. 18, 1959.

H. A. Stephens, Jr., Charles H. Edwards, Atlanta, Ga., John L. Riley, St. Petersburg, Fla., for appellant.

John W. Stokes, Jr., Asst. U. S. Atty., James W. Dorsey, U. S. Atty., Atlanta, Ga., for appellee.

Before HUTCHESON, Chief Judge, and BROWN and WISDOM, Circuit Judges.

HUTCHESON, Chief Judge.

Appellant, defendant below, and King C. Bard were charged by indictment with having, in the Atlanta Division of the Northern District of Georgia, devised a scheme and artifice to defraud purchasers of Telex Hospital radios and to obtain money and property by means of false and fraudulent pretenses, representations and promises, well knowing at the time they were made that they were false, and with using the mails to defraud for the purpose of executing said scheme and artifice in violation of Sec. 1341, Title 18 U.S.C.

On September 23, 1958, the defendant Scott pleaded not guilty. At a later date but before trial, Bard's plea of nolo contendere was accepted and the case was disposed of as to him.

Thereafter, on March 4, 1958, the case was called for trial, and the defendant Scott moved for a postponement because of the absence of a material witness, Bard, who had been actually subpoenaed in the cause and tendered mileage and witness fees, and had agreed to attend the trial. In support he alleged that he could not safely go to trial without the presence of Bard as a witness because of allegations contained in the indictment with reference to representations made by and concerning the said Bard and

the further fact that, as to at least two transactions involved in two of the counts, the same were handled by Bard and not by Scott.

The United States Attorney opposing the motion on the ground of Bard's physical condition and that the defendant would have had time to take his deposition, and the defendant showing that, based upon a conversation of an associate attorney with Mr. Bard about four weeks before, he had expected him to be present and his failure to do so had come as a surprise, the district judge denied the motion for postponement and put the cause to trial.

Thereafter the case went to trial and the defendant Scott, acquitted by the court on all the counts but one, two, three and four, was convicted on those counts and sentenced to serve 18 months.

Appealing from the conviction, appellant is here insisting that the court erred in failing, on defendant's motion, to direct a verdict of acquittal, and the judgment and sentence should be reversed with directions to acquit him.

In the alternative, he urges upon us that errors [1] prejudicial to him were committed requiring a reversal of the judgment.

■ Without setting the evidence out in whole or in part, it is sufficient to say that it was adequate to take the case to the jury and that it was not error to refuse appellant's motion for directed verdict.

■ With respect, however, to the claim of error affecting the trial, the matter stands differently. While we agree with the United States that the complained of testimony of witnesses

1. (1) The court abused its discretion in denying appellant's motion for postponement because of the absence of Bard who had been subpoenaed to testify in his behalf.

(2) The court erred in receiving testimony from witnesses Schaefer and Foshee that appellant had introduced one W. K. Scott to them as Ralph A. Davis, the owner of the Hall County Hospital installation;

(3) The court erred in failing to declare a mistrial upon motion of appellant because of prejudicial testimony by the witness Jack Lambert.

(4) The court abused its discretion in denying appellant's motion for new trial.

(5) The court erred in refusing to give appellant's requested instructions to the jury..

Schaefer and Foshee was properly admitted as germane to and having direct bearing on the scheme charged in the indictment, and with it, too, that most of the refused charges were given in substance by the district judge, we agree with appellant: (1) that it was reversible error to deny the continuance; (2) that the complained of testimony of Lambert, not inadvertently but deliberately and knowingly gotten into evidence by the United States, was so prejudicial and the result of it so ineradicable as to require the granting of a mistrial; and (3) that it was error not to give defendant's requested instruction No. 10.[2]

As the conspiracy was charged and the evidence sought to make it out, Bard was the chief conspirator, the head and front of the offending. He had been permitted to plead nolo contendere and given a sentence. He had been subpoenaed, the required fees had been furnished him, and he had agreed to be present. No evidence of any kind was shown to indicate that the postponement was sought for delay or that the defendant was not surprised, indeed a letter of the physician showed that it was his advice to Bard which had made him renege on his promise to defendant to attend the trial.

■ Desirable, indeed necessary, as it is to proceed with criminal trials without undue delay, indeed with proper dispatch, and wide as is the discretion of the court in passing on applications for postponement, the exercise of that discretion is necessarily subject to review and to correction when its just limits have been exceeded. The same thing is true of the granting of a mistrial.

■■ As is well known and has many times been pointed out, verdicts in closely contested criminal cases often find their real spring in the atmosphere generated in and by the trial where things felt but unseen, sometimes real, sometimes illusory, arising out of, but more than, the relevant and admissible evidence, in the end more influence the verdict than does the relevant testimony itself. Because these things are so of jury trials, it is of the genius of our institutions that they be conducted under the firm and steady guidance of judges as administrators who, having minds trained and personalities adequate to the task are held primarily responsible for their just outcome. Patton v. Texas & P. Ry. Co., 179 U.S. 658, 661, 21 S.Ct. 275, 45 L.Ed. 361. Because, too, these things are so, in a federal court at least, the conduct of jury trials is largely confided to the district judge who is expected to have and exercise trial skill of the highest order and a wise and just discretion.

■ Here, the objected to testimony of Lambert that he had overheard through a hotel room an alleged conversation between Mrs. Bard and Scott,[3] having, as the judge ruled when he finally excluded it, no proven connection with the charges in this case, was so inflammatory and so prejudicial that no

---

2. Defendant's Requested Instruction No. 10.
"A scheme to defraud is not necessarily to be inferred from business adversity or unprofitable ventures (Gold v. United States, 8 Cir., 36 F.2d 16, 32). Mere puffing, exaggerating enthusiam, and high pressure salesmanship, does not constitute legal fraud. This is also true as to unfilled promises, prophecies, predictions and erroneous conjecture as to future events particularly where some relate to prospective profits from business operations (Farwell v. Colonial Tr. Co., 8 Cir., 147 F. 480; Crosby v. Emerson, 3 Cir., 142 F. 713)."

3. Lambert: "I don't believe I can remember verbatim, what was said, but I recall Mrs. Bard saying to Mr. Scott, 'Mr. Bard —you and Mr. Bard should be ashamed of yourselves for the way you are treating these people.' And Mr. Scott said, 'Mr. Bard is a man of his own mind and perfectly capable of making his own decisions on how he will do business.' And Mrs. Bard said, 'You and King should be ashamed of the way you are dealing with these people', and Mr. Scott said, 'These people care nothing about me, and I care nothing about them.' That, to the best of my memory, is the gist as nearly as I can quote it of what was said."

**402**

amount of cautionary instruction could eradicate the impression of this testimony from the jurors' minds. Helton v. United States, 5 Cir., 221 F.2d 338.

Finally, appellant's requested instruction No. 10 was correct as a statement of legal principle, and it was peculiarly applicable to a part of the testimony in this case. As stated in the opinion of the Court of Appeals for the Eighth Circuit, in Telex, Inc., v. Shaeffer, 233 F.2d 259, a civil action for fraud damage, this was mere puffing and over-salesmanship, consisting, as it did, of mere estimates and prophesies as to which a person having more optimism than judgment, more faith than skepticism, might well entertain a real and sincere belief in their verity and honesty.

For the errors noted, the judgment is reversed and the cause is remanded for further and not inconsistent proceedings.