Everett R. **BROOM**, Appellant,

v.

**UNITED STATES** of America,
Appellee.

No. 21686.

United States Court of Appeals
Fifth Circuit.

March 12, 1965.

Warren Burnett, Odessa, Tex., for appellant.

Charles D. Cabaniss, Asst. U. S. Atty., Dallas, Tex., Barefoot Sanders, U. S. Atty., Fort Worth, Tex., for appellee.

Before TUTTLE, Chief Judge, and BROWN and FRIENDLY,* Circuit Judges.

PER CURIAM:

■ Broom appeals from his conviction under 18 U.S.C.A. § 2313.[1] The indictment charged Broom with the sale of a stolen automobile in interstate commerce, and the facts on trial conclusively demonstrated that he sold in Tahoka, Texas an automobile which had been stolen six days earlier in Illinois. As the title papers to effectuate the transfer from Broom were purportedly executed at about this time in Oklahoma, there was ample basis for the jury to conclude that the vehicle was still in the required interstate movement.

■ The critical issue is knowledge by Broom that it was a stolen car. Of course the law has long recognized that an unexplained possession of a recently stolen automobile is sufficient basis for the jury to infer knowledge. Appellant has no quarrel with the rule but insists that an adequate explanation—that Broom in good faith purchased the auto from another in Texas with whom he had previously dealt—was made in this instance. Stressing Cherry v. United States, 7 Cir., 1935, 78 F.2d 334 and similar cases, Broom contends in effect that in the absence of controverting evidence this explanation has to be credited and consequently the Government failed to prove guilty knowledge beyond a reasonable doubt. The adequacy and truthfulness of the explanation given originally—at the time when the accused is first called upon to explain—

---

* Of the Second Circuit, sitting by designation.

1. 18 U.S.C.A. § 2313 provides: "Whoever receives, conceals, stores, barters, sells, or disposes of any motor vehicle or aircraft, moving as, or which is a part of, or which constitutes, interstate or foreign commerce, knowing the same to have been stolen, shall be fined not more than $5,000 or imprisoned more than five years, or both."

is generally a question for the jury. Here the evidence revealed a number of suspicious circumstances, not the least of which were many inconsistencies and errors in the title and transfer papers. The circumstances were sufficiently serious for the Tahoka purchaser to report his apprehension to Texas state authorities. And on the trial all of these facts were adequate to warrant the jury in disbelieving Broom's explanation of his possession. It was for the jury. There it ends.

Affirmed.