of the prior art which would have been obvious at the time in question to a person of ordinary skill in the art. Accordingly, applying the test stated in section 103 of Title 35, U.S.C., the court held that the differences between the subject matter sought to be patented and the prior art were not patentable.

■ ■ The finding of obviousness is supported by affirmative testimony and cannot be characterized as unreasonable or unwarranted in the light of a record which discloses fully and with particularity the simple mechanical adaptations of familiar structures, directly indicated by the problem to be solved, which are the essence of the claimed invention.

The judgment will be affirmed on the proper findings and the logical and convincing analysis of the district court. 1964, 230 F.Supp. 883.

---

Mark John Beufve, Chillicothe, Ohio, for appellant.

Clinton Ashmore, U. S. Atty., Tallahassee, Fla., for appellee.

Before JONES and WISDOM, Circuit Judges, and BREWSTER, District Judge.

PER CURIAM:

It is ordered, That leave to appeal in forma pauperis is hereby granted. The order of the district court is vacated and the case is remanded to the district court for a hearing as to whether the appellant was misled by the trial judge as to the maximum sentence. Marvel v. United States, 85 S.Ct. 953.

**Mark John BEUFVE, Appellant,**

v.

**UNITED STATES of America, Appellee.**

No. 22537.

United States Court of Appeals
Fifth Circuit.

April 29, 1965.

**UNITED STATES of America,**

v.

**FLOWER MANOR, INC., Appellant.**

No. 15159.

United States Court of Appeals
Third Circuit.

Argued April 19, 1965.

Decided April 30, 1965.

