**UNITED STATES of America,**

v.

**FLOWER MANOR, INC., Appellant.**

No. 15159.

United States Court of Appeals Third Circuit.

Argued April 19, 1965.

Decided April 30, 1965.

Norman Snyder and Snyder & Snyder, Chester, Pa., for appellant.

Merna B. Marshall, Asst. U. S. Atty., Philadelphia, Pa. (Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., on the brief), for appellee.

Before McLAUGHLIN, STALEY and SMITH, Circuit Judges.

PER CURIAM.

Appellant was the owner and mortgagor of certain premises located in the City of Philadelphia, Pennsylvania. It defaulted on said mortgage which was insured by the Federal Housing Administration. The mortgagee assigned its rights under the mortgage bond to the Federal Housing Commissioner. In accordance with rights under the assignment, the United States sued the owner on the bond. No answer was filed and a default judgment was entered which provided that "In the event that the judicial sales price of the mortgaged premises and chattels are insufficient to satisfy Plaintiff's judgment, a further Order shall be entered awarding Plaintiff a deficiency judgment against the Defendant in such amount as may be found just subsequent to the consummation of said judicial sales". The sale was had and confirmed. The United States then petitioned the District Court to fix a date for hearing to set the fair market value on the property "so that it could be set off against the indebtedness which respondent has to petitioner as a result of a default on the mortgage." The Court, on the basis of the above quoted prayer of the petition, designated a hearing date for the purpose requested. Following this in the order appeared the phrase "in accordance with the Deficiency Judgment Act of Pennsylvania, 12 P.S. 2621.1." The Government flatly states that the reference to the Commonwealth Act "was merely as a convenience to outline the procedure whereby the amount of deficiency would be ascertained." This is not denied anywhere by appellant who nevertheless argues that the insertion of the reference to the Act changed the nature of the entire litigation and brought it within the Commonwealth statute. We completely disagree with this opportunistic misinterpretation of a phrase pointing to the method for use in the ascertainment of the amount of money still due the United States from appellant. The original order which gave the Government the right to obtain a deficiency judgment in the event the judicial sales price of the mortgaged premises was insufficient to satisfy plaintiff's judgment, was in no way based on the Pennsylvania Deficiency Judgment Act. The petition to the Court thereafter to fix a date for hearing in order to set the fair market value of the property, in no way mentioned or relied upon the Commonwealth special statute. There is nothing in this record to lend the slightest credence to appellant's position i. e. that the Government, after the six months had expired in which to sue under the Pennsylvania Act, by the phrase in the order above quoted, sought to put its admittedly valid cause of action within the Pennsylvania Act and so, possibly destroy it.

The order of the District Court of October 29, 1964 and the deficiency judgment entered thereon will be affirmed.