**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Arthur AUTERSON, Defendant-Appellant.**

**No. 14869.**

United States Court of Appeals Seventh Circuit.

July 1, 1965.

504

John A. Kesler, Terre Haute, Ind., for defendant-appellant.

Richard P. Stein, U. S. Atty., Edward F. Kelly, Indianapolis, Ind., for plaintiff-appellee.

Before SCHNACKENBERG and KILEY, Circuit Judges, and GRANT, District Judge.

SCHNACKENBERG, Circuit Judge.

Arthur Auterson, defendant, appeals from a judgment of the district court convicting him on two counts of an indictment, which charged him with transporting on each of two dates, a different girl for the purpose of debauchery and other immoral purposes, in violation of 18 U.S.C.A. § 2421. The girl mentioned in count one was Marchia Anderson and the girl mentioned in count two was Terri Anderson, her sister.

Defendant entered a plea of not guilty and waived trial by jury. There was a written stipulation as to some of the facts. Thereupon evidence was heard in open court.

There is evidence in the record that defendant, who owned and operated a moving and storage business at Terre Haute, Indiana, on June 28, 1963 transported by truck from Indiana to Florida, in interstate commerce, a load of furniture and Marchia Anderson, a girl 15 years old. The truck was accompanied by another truck belonging to defendant and driven by an employee. Marchia rode with defendant and occupied a bed in a motel room with him that night. On every subsequent night on the trip the same practice continued and furthermore he registered himself and Marchia as man and wife.

The evidence shows that the defendant sexually assaulted Marchia on June 30, being the next to the last night of the trip, which also marked the end of her menstrual period.

On July 7, 1963, defendant made a second trip to Florida in his private automobile, for the ostensible purpose of delivering a small stove which had been omitted from the first shipment of furniture, altho defendant admitted that he could have shipped the stove to Florida for only $27 or $28. On the second trip defendant transported Terri, Marchia's 14-year-old sister. He registered Terri as his wife at a Tennessee motel on the first night's stop and they occupied the same bed and had intercourse. Her menstrual period began the day after the intercourse and did not end until she returned to her home in Indiana.

The court, who saw the witnesses and heard them testify, said that he did not believe that the girls were lying when they testified and that he was not persuaded defendant told the truth in his denials of their statements.

 We hold that there is evidence in the record as to both Florida trips that one purpose of the defendant as to each trip was to knowingly transport in interstate commerce a girl for the purpose of debauchery and other immoral purposes. The fact that each of these trips served another purpose for defend-

ant, in that he thereby transported certain furniture, is not significant here. Moreover, it is apparent that the transportation of the girls was not in aid of the transportation of the furniture or the stove. Cf. United States v. Hon, 7 Cir., 306 F.2d 52 (1962), where the purpose of an interstate automobile trip by defendant was to enable a prostitute to visit her mother and child and her resort to her trade en route in the state of Indiana was in furtherance of the journey, which was not for an immoral purpose. Accordingly, in Hon, we reversed a conviction, upon the authority of Mortensen v. United States, 322 U.S. 369, 373–374, 64 S.Ct. 1037, 88 L.Ed. 1331.

In the case at bar, the transportation of the girls is not claimed to have been in aid of the transportation of the furniture. It was a wholly distinct activity by defendant, although contemporaneous and utilizing the same means of transportation as the movement of the furniture.

For these reasons, the judgment from which this appeal has been taken is affirmed.

Judgment affirmed.