Mark John **BEUFVE**, Appellant,

v.

**UNITED STATES of America,**
**Appellee.**

No. 23680.

United States Court of Appeals
Fifth Circuit.

March 8, 1967.

---

Joe J. Harrell, Pensacola, Fla., for appellant.

Stewart J. Carrouth, Asst. U. S. Atty., Clinton Ashmore, U. S. Atty., for appellee.

Before JONES, WISDOM and GOLDBERG, Circuit Judges.

JONES, Circuit Judge:

The appellant, Mark John Beufve, was charged with interstate transportation of a stolen motor vehicle in violation of the Dyer Act, 18 U.S.C.A. § 2312. On arraignment he entered a plea of guilty and was sentenced under the Federal Youth Corrections Act, 18 U.S.C.A. § 5005 et seq., to an indeterminate sentence not to exceed four years' confinement and two years' parole supervision. In a proceeding brought under 28 U.S.C.A. § 2255 the plea of guilty was set aside. Beufve v. United States, 5th Cir. 1965, 344 F.2d 958. He was tried before a jury and convicted. The court imposed the maximum prison sentence of five years. In imposing sentence the court

mentioned thirteen arrests of Beufve since 1952 and observed that he had "not responded to this Youth Corrections thing at all." Beufve had served thirty-five months of the prior sentence for which the district court gave no credit.

The car was stolen in New York City on July 28, 1962. Beufve and his brother, then sixteen years old, were apprehended by a Florida highway patrolman in the car in Marianna, Florida, on August 3, 1962. The younger brother was driving. There was no ignition key in the car. Beufve asserted he was in possession of the car. Beufve had a driver's license; the brother did not. The patrolman arrested Beufve for permitting an unauthorized person to drive and arrested the brother for driving without a license. The Florida police, suspecting the car had been stolen, made a report to the F.B.I. The following morning, August 4, 1962, the F.B.I. advised the State officers that the car had been stolen but before this information was received the brothers Beufve had paid fines for the State offenses and had been released. The patrolman arrested Beufve as he was driving the car, with his brother as a passenger, west of Marianna. Soon after an F.B.I. agent arrived. After Beufve had been told of his right of silence and to counsel, he told the agent that the car belonged to his father who lived in Long Island and that he and his brother drove to Florida. Such are the essential facts as related by the patrolman and the agent when testifying.

Beufve took the stand in his own behalf. He denied having made the statements attributed to him by the F.B.I. agent. He testified that he came to Florida, not in the stolen car, but by bus, that his brother came to Florida in the car and told him that he had bought the car and owned it. Beufve denied having knowledge that the car was stolen. The two of them, he stated, were on their way to get work when they were arrested.

 Included in the court's charge to the jury was an instruction that the unexplained possession of a car recently stolen in another state soon after the theft occurred would justify an inference that the accused transported or caused the car to be transported in interstate commerce with knowledge that the vehicle was stolen. The giving of this instruction is assigned as error. It is urged that there is no evidence that Beufve was in possession. At the time of the first apprehension of the brothers, Beufve stated that he was in charge of the car. When stopped on the following day Beufve was driving. The evidence of possession was sufficient. The jury was not required to believe the explanation to which Beufve testified and obviously did not believe it.

 It is an established principle that an unexplained possession of a recently stolen automobile warrants the inference of interstate transportation and knowledge that it was stolen. Whether the explanation is sufficient is a jury question. Broom v. United States, 5th Cir. 1965, 342 F.2d 419.

 The appellant urges that the evidence is insufficient to sustain the conviction. There is no merit in the contention.

 The appellant complains of the failure of the court to credit, upon the sentence imposed, the time served under the illegal sentence. It seems that the court was not required to allow the credit. Meyers v. Hunter, Warden, 10th Cir. 1947, 160 F.2d 344, cert. den. 331 U.S. 852, 67 S.Ct. 1730, 91 L.Ed. 1860, reh. den. 332 U.S. 785, 68 S.Ct. 32, 92 L.Ed. 368. However we need not and do not decide the question. The credit has been given, administratively, by the Department of Justice, and the issue is therefore moot.

 It is asserted by Beufve that the district court erred in considering his conduct during the period of his detention under the sentence which was subsequently set aside. The Rule on Pre-

sentence Investigation [1] seems to contemplate and authorize that which was done here.

The record is free from error. The judgment and sentence are

Affirmed.

1. "The probation service of the court shall make a presentence investigation and report to the court before the imposition of sentence or the granting of probation unless the court otherwise directs. The report shall not be submitted to the court or its contents disclosed to anyone unless the defendant has pleaded guilty or has been found guilty.

"The report of the pre-sentence investigation shall contain any prior criminal record of the defendant and such information about his characteristics, his financial condition and the circumstances affecting his behavior as may be helpful in imposing sentence or in granting probation or in the correctional treatment of the defendant, and such other information as may be required by the court." Rule 32, Fed.Rules Crim.Proc.