**Robert Lee PAYNE, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 26283.**

United States Court of Appeals
Fifth Circuit.

April 7, 1969.

Jack J. Taffer, Miami, Fla. (court appointed), for appellant.

William A. Meadows, Jr., U. S. Atty., Neal R. Sonnett, Asst. U. S. Atty., Miami, Fla., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

Appellant appeals from conviction of interstate transportation of a stolen vehicle, 18 U.S.C.A. § 2312.[1] We have considered all contentions of appellant, the briefs and the full record.

■ The court did not err in denying the motion for judgment of acquittal. Appellant was identified by a police officer as the person in possession of a vehicle in Florida which was sufficiently identified as having been recently stolen in Illinois. The possession was unexplained. Beufve v. United States, 374 F.2d 123 (5th Cir. 1967); Barfield v. United States, 229 F.2d 936 (5th Cir. 1956).

■ The statement made by appellant immediately after he was taken into custody, concerning his possession of a re-

1. Under Rule 18 the Court has placed this case on the Summary Calendar for disposition without oral argument. See

Floyd v. Resor, 5 Cir., 1969, 409 F.2d 714, n. 2.

volver, was not inadmissible under *Miranda*. Under the undisputed testimony the statement was volunteered by him. No interrogation had occurred.

█ In summation to the jury the prosecutor stated that a person who was shown to be near the scene of appellant's arrest had been released by the police because he was only a hitchhiker. There was no evidence to that effect. Counsel for petitioner promptly objected and moved for a mistrial. The court denied the motion and gave corrective instructions. The only significance of the matter was that there were items of property nearby which tended to connect appellant with the stolen vehicle, and the jury could have inferred that the person said to be a hitchhiker put them there rather than appellant. Since appellant was found in possession of a revolver bearing a serial number which matched the serial number shown on a revolver box found in the stolen and previously abandoned vehicle, we are of the view that the one single, brief and erroneous reference to the status of the otherwise identified person was not reversible error.

Affirmed.