**UNITED STATES of America, Plaintiff-Appellee,**

**v.**

**David Joseph RAWLS, Defendant-Appellant.**

**No. 27183**

**Summary Calendar.**

United States Court of Appeals
Fifth Circuit.

Jan. 23, 1970.

Rehearing Denied Feb. 27, 1970.

---

Richard H. Gill, Montgomery, Ala. (Ct. Apptd.), for appellant.

Ira DeMent, U. S. Atty., F. E. Leonard, Jr., Asst. U. S. Atty., Montgomery, Ala., for appellee.

Before BELL, AINSWORTH and GODBOLD, Circuit Judges.

PER CURIAM:

This is an appeal from a jury conviction in a Dyer Act case, 18 U.S.C. § 2312. The issues are centered around sufficiency of the evidence.

■ Pursuant to Rule 18 of the Rules of this Court, we have concluded on the merits that this case is of such character as not to justify oral argument and have directed the clerk to place the case on the Summary Calendar and to notify the parties in writing. See Murphy v. Houma Well Service, 409 F.2d 804, Part I (5th Cir. 1969); and Huth v. Southern Pacific Company, 417 F.2d 526, Part. I.

Appellant was charged with transporting in interstate commerce a stolen motor vehicle from Atlanta, Georgia to Macon County, Alabama. The government introduced evidence from which the jury could conclude that the truck in question was stolen in Atlanta on February 8, 1968. Other evidence in the government's direct case, viewed most favorably to the government, included the following. Alabama State Troopers pursued and stopped the truck near Tuskegee, Macon County, Alabama, later on the same day. Appellant was driving the truck and John Munnerlyn was a passenger. The trooper charged appellant with reckless driving and driving without a license. The truck was carried to Tuskegee and placed at the Macon County jail and subsequently identified as the stolen vehicle. The defendant's motion for judgment of acquittal made at the conclusion of the government's case, was overruled.

The defense called Munnerlyn as a witness. His testimony was equivocal and in part contradictory to a statement given by him to the FBI. But it included testimony that he had stolen the truck and that appellant took over the driving on the outskirts of Atlanta to relieve Munnerlyn, who was drunk, after which Munnerlyn passed out, and that Munnerlyn did not even know when the truck crossed from Georgia to Alabama. It also included Munnerlyn's admission that on February 9 he had told an FBI agent he had been drinking with appellant and had told appellant he was going to steal a car. The defendant's motion for judgment of acquittal was renewed at the conclusion of the evidence and was again denied.

■ The defendant lost the benefit of appellate review of the initial denial of his motion for judgment of acquittal by presenting evidence which supplied deficiencies in the government's case. United States v. Wallace, 417 F.2d 522 (5 Cir. 1969). The appellant launches a full-scale attack on this rule. 8 Moore, Federal Practice, ¶ 29.05, presents the arguments pro and con. We are not prepared to overturn the established rule of this circuit on this issue.

When the motion was renewed it was properly denied. It has been held regularly and repetitively that unexplained possession of a vehicle recently stolen in another state permits, although it does not require, inferences that the possessor knew the vehicle was stolen and that he transported it in interstate commerce, *e. g.*, Beufve v. United States, 374 F.2d 123 (5th Cir. 1967).[1] Appellant urges that allowing the inferences to be drawn from unexplained possession[2] is contrary to the rule that in a circumstantial evidence case the evidence must be such that the jury might reasonably find that it excluded every reasonable hypothesis except that of guilt, *e. g.*, Riggs v. United States, 280 F.2d 949 (5th Cir. 1960). Whatever effect, if any, this argument might have in another case, in this case it overlooks that there was direct evidence in the form of Munnerlyn's testimony, and the jury was entitled to choose between the differing versions he gave.

Affirmed.

## ON PETITION FOR REHEARING

PER CURIAM:

It is urged on petition for rehearing that there was only one version of the facts given by the witness Munnerlyn with the jury present and that a conflicting version was given solely outside the presence of the jury. To the contrary, Munnerlyn first testified that possibly he had discussed with a group of drinking partners that he might steal a truck and go to New Orleans and that Rawls could have been present at the discussion. Later in the trial, after the jury was excused and then brought back in, Munnerlyn acknowledged that he had given to an FBI agent a statement admitting that he had been drinking with Rawls and had told Rawls that he was going to steal a vehicle.

The petition for rehearing is denied.

---

[1] The jury can infer possession from the act of operating the vehicle. Some of Munnerlyn's testimony tended to characterize appellant as the "mere hitchhiker" who troubled Judge Brown in Barfield v. United States, 229 F.2d 936 (5th Cir. 1956). But as discussed *supra*, there was other evidence tending to show appellant was much more deeply involved.

[2] Of course, it is for the jury to decide whether, when explanations are offered by a defendant for his possession, they are to be accepted as credible. *Beufve*, *supra*; Broom v. United States, 342 F. 2d 419 (5th Cir. 1965).