**Mickey D. STAGGS, Appellant,**

v.

**Dr. P. J. CICCONE, Director, United States Medical Center for Federal Prisoners, Springfield, Missouri, Appellee.**

No. 20194.

United States Court of Appeals,
Eighth Circuit.

Aug. 6, 1970.

Mickey D. Staggs filed brief pro se.

Bert C. Hurn, U. S. Atty., and Frederick O. Griffin, Jr., Asst. U. S. Atty., Kansas City, Mo., filed brief of appellee.

Before VAN OOSTERHOUT, JOHNSEN and HEANEY, Circuit Judges.

PER CURIAM.

Petitioner, Mickey D. Staggs, appeals pro se from a judgment of the United States District Court for the Western District of Missouri denying his petition for a writ of habeas corpus.

On June 17, 1963, the petitioner was sentenced under the provisions of the Federal Youth Corrections Act, 18 U.S.C. § 5017(c), in the United States District Court for the Middle District of Tennessee. Section 5017(c) provides that:

> "A youth offender committed under 5010(b) of this chapter shall be released conditionally under supervision on or before the expiration of four years from the date of his conviction and shall be discharged unconditionally on or before six years from the date of his conviction."

Subsequently, the petitioner's conviction was vacated, and on February 2, 1965, he was again convicted and resentenced under 18 U.S.C. § 5017(c). He was given no credit for time served under the initial sentence. On June 1, 1966, the petitioner was conditionally released with supervision to continue to February 1, 1971. He was subsequently arrested and convicted on two separate charges in the state courts of Tennessee. On the basis of these convictions, a Parole Violator Warrant issued on January 11, 1968, and was executed on June 5, 1969, at the Tennessee State Penitentiary. The petitioner was committed to the Federal Correctional Institution, Texarkana,

Texas; he was given a parole revocation hearing in Texarkana; and his parole was revoked. The petitioner subsequently was transferred to the Medical Center in Springfield, Missouri.

On appeal, the petitioner raises six issues previously raised in the District Court. His primary contention is that he should have been given credit at the time he was resentenced on February 2, 1965, for time served under his June 17, 1963, sentence for the same offense. This contention has been mooted by the petitioner's release from the Medical Center on July 3, 1970, in accordance with current policy giving credit for time served on vacated sentences. See, North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969); Beufve v. United States, 374 F.2d 123 (5th Cir.), cert. denied, 389 U.S. 881, 88 S.Ct. 122, 19 L.Ed.2d 175 (1967).

The petitioner's remaining five contentions concern the validity of his sentence and the validity of his parole revocation. We do not decide these questions here as they either have been mooted by the petitioner's release or properly should have been brought before the sentencing court on a § 2255 motion.

Judgment accordingly.