434 F.2d 232
 UNITED STATES of America, Plaintiff-Appellee,
v.
Milton JONES, Defendant-Appellant.
 No. 29578 Summary Calendar.*
 United States Court of Appeals, Fifth Circuit.
 November 30, 1970.
 
 Robert J. Evans, court-appointed, Rome, Ga., for appellant.
 John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 Milton Jones was convicted by a jury on the four counts of an indictment which charged him with the receipt, interstate transportation and concealment of two stolen 1965 Pontiac automobiles, knowing them to be stolen, in violation of 18 U.S.C. §§ 2312 and 2313. On appeal, Jones contends that (1) the Government's evidence on the issue of guilty knowledge was insufficient to sustain the jury's verdict, and (2) the Court committed reversible error in permitting the prosecution to introduce certain documentary evidence. We find no merit in these contentions, and affirm.
 
 
 2
 Of the several allegations in the indictments, appellant denies only that he knew the vehicles to be stolen. His denial at the trial was corroborated to some degree by testimony of Thomas Huff, a co-participant in the undertaking.
 
 
 3
 "[T]his and other Circuits have long recognized that the unexplained possession of a recently stolen automobile warrants the inference that the person in possession had knowledge of the theft of the vehicle." United States v. Reed, 5 Cir., 1969, 414 F.2d 435, 438, rev'd on other grounds, 5 Cir., 1969, 421 F.2d 190; United States v. Rawls, 5 Cir., 1970, 421 F.2d 1285, 1287. It is also the rule in this Circuit, however, that where the evidence relied on to sustain a verdict is circumstantial, it must be such that the jury might reasonably find that it excludes every reasonable hypothesis except that of guilt. Surrett v. United States, 5 Cir., 1970, 421 F.2d 403; Riggs v. United States, 5 Cir., 1960, 280 F.2d 949. Testimony by the defendant and other witnesses tending to show an absence of guilty knowledge does not preclude the jury from inferring that fact from other evidence. Moody v. United States, 5 Cir., 1967, 377 F.2d 175, 177.
 
 
 4
 This case involves more than merely incidental possession. It is undisputed that the appellant and two others agreed in Detroit to transport the two Pontiacs and a third car to Rome, Georgia, for sale, and that they did so, driving at night. Further uncontradicted evidence indicated that Jones participated in a fictitious sale of the cars in Alabama which yielded documents that enabled him to purchase Alabama tags for the cars. Taking as we must that view of the evidence most favorable to the Government, Glasser v. United States, 315 U.S. 60, 80, 62 S.Ct. 457, 469, 86 L.Ed. 680 (1942), we find that there was substantial evidence to support a conclusion by the jury that beyond a reasonable doubt Jones knew the cars he was helping to sell were stolen cars.
 
 
 5
 Appellant objected at trial to the introduction into evidence by the Government of a license plate, a serial plate and an identification card pertaining to a third vehicle not designated in the indictment. On appeal he contends that in admitting such evidence the Judge risked "undue prejudice [and] jury confusion." United States v. Kearney, 1969, 136 U.S.App.D.C. 328, 420 F.2d 170, 174. At trial, appellant and his chief witness both testified that all three vehicles were transported interstate together, and that license plates were purchased for all three at the same time in appellant's name. We are wholly unpersuaded that the documentary evidence respecting the third vehicle confused the jurors or prejudiced them against appellant. Cf. Scott v. United States, 5 Cir., 1959, 263 F.2d 398.
 
 
 6
 Affirmed.
 
 
 
 Notes:
 
 
 *
 [1] Rule 18, 5th Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York et al., 5th Cir., 1970, 431 F.2d 409, Part I