**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**John Melvin LOMAS, Defendant-Appellant.**

**No. 17777.**

United States Court of Appeals,
Seventh Circuit.

March 24, 1971.

Manuel Rosenstein, Chicago, Ill., for defendant-appellant.

Frank J. Violanti, U. S. Atty., J. William Roberts, Asst. U. S. Atty., Springfield, Ill., Max J. Lipkin, Peoria, Ill., for plaintiff-appellee.

Before KNOCH, Senior Circuit Judge, and CUMMINGS and KERNER, Circuit Judges.

KNOCH, Senior Circuit Judge.

Defendant-appellant, John Melvin Lomas, appeals his conviction in a jury trial on a charge of interstate transport of a woman for immoral purposes in violation of Title 18 U.S.C. § 2421. He was sentenced to serve five years.

Defendant presents five issues for review:

"(1) Whether the Court erred in failing to declare a mistrial upon motion duly made, after a government witness testified to a conversation with

defendant-appellant wherein said defendant-appellant allegedly had told of his commission of a crime in the past similar in nature to that for which he was being tried.

"(2) Whether the Court cured the error recited in paragraph 1 above, by an instruction to the jury.

"(3) Whether the defendant-appellant was given a fair trial in the face of the introduction of irrelevant and highly prejudicial evidence.

"(4) Whether the defendant-appellant was given a fair trial despite the fact that the trial court asked the principal government witness a leading question, the tendency of which was to assume the guilt of the defendant-appellant.

"(5) Whether the Court erred when it instructed the jury that prostitution need not be the only purpose of interstate transportation of a woman or a girl, or that it was one of the dominant purposes of such interstate travel, in order to prove an immoral purpose."

■ The defendant was charged with unlawful interstate transport of Donna Rae Hawley from Davenport, Iowa to Rock Island, Illinois. Miss Hawley testified that after conversation with defendant in Kansas City, Kansas, with regard to her engaging in prostitution in Rock Island, Illinois, arrangements were made to travel to Davenport, Iowa by bus.

Prior to allowing Miss Hawley to answer a question concerning payment for bus fare, the Court instructed the jury that the testimony was admitted solely for the purpose of background and knowledge, to show the purpose of the trip. She then testified that she was to pay her own bus fare, defendant having told her he had been in some trouble about taking a girl across a state line.

The Court denied defendant's motion for mistrial but ordered the reference to prior trouble stricken and instructed the jury to disregard it.

Defendant argues that it was impossible for the jury to disregard having in effect been told that defendant had committed a prior offense similar to that with which he was now charged and being tried, even though there was no reference to the nature of the "trouble" or whether it involved an arrest, let alone a conviction.

Defendant relies on Helton v. United States, 5 Cir. 1955, 221 F.2d 338, which reversed and remanded a conviction on a charge of illegal acquisition and production of marijuana, where, in the course of the trial, testimony was received of defendant's admission to smoking marijuana intermittently during the previous four or five years. The Trial Judge ordered this testimony stricken, but the jury was not instructed to disregard the improper testimony. The Fifth Circuit doubted whether such admonition would in any event have been efficacious because the defense was that the marijuana found in defendant's premises had been left by a former roomer, although there was also testimony that marijuana was found growing in the backyard.

The Fifth Circuit held that, absent a requirement of showing system or intent, evidence of offenses not charged in the indictment is not only inadmissible but prejudicial if admitted.

Defendant also cites United States v. Magee, 7 Cir. 1958, 261 F.2d 609, which involved a charge of bank robbery, in the trial of which testimony was presented that defendant had twice previously robbed a bank; United States v. Rinaldi, 2 Cir. 1962, 301 F.2d 576, where conviction was reversed because a witness was asked if defendant had ever been convicted of a crime and answered "yes"; Kraft v. United States, 8 Cir. 1956, 238 F.2d 794, where the Court discusses the general rule that proof showing the accused guilty of other crimes is inadmissible to show commission of the crime charged, and other cases to the same effect.

We have no quarrel with the general rule. However, in United States v. D'Antonio, 7 Cir. 1966, 362 F.2d 151,

154, cert. den. 385 U.S. 900, 87 S.Ct. 204, 17 L.Ed.2d 131, this Court held admissible (for the limited purpose of showing knowledge and intent) evidence which also related to an independent offense. In *D'Antonio* a government witness was allowed to testify to defendant's admission of having once made counterfeit money to show knowledge and intent in a trial on the charge of transporting counterfeit securities in interstate commerce. See also United States v. Chicago Express Co., Inc., 7 Cir. 1960, 273 F.2d 751, 753; United States v. Eddington, 7 Cir. 1964, 328 F. 2d 760, 762–763, cert. den. 379 U.S. 818, 85 S.Ct. 35, 13 L.Ed.2d 29.

■ Defendant contends he was prejudiced by irrelevant evidence concerning the apprehension of Miss Hawley by Rock Island police. She was taken into custody at a tavern and questioned at the police station regarding her age and identity. This occurred in the fall of 1967. At the trial Miss Hawley testified that she was born October 11, 1948. The defendant came to the police station, sought to make bond and secured her release after production of an identification card, all tending to establish a connection between Miss Hawley and himself. A police officer testified that in the course of a search for identification, Miss Hawley's purse had been checked and its contents inventoried, disclosing an item commonly (although not exclusively) used and carried by prostitutes.

We do not believe that the court exceeded the broad discretionary powers reposed in a Trial Judge in ruling on materiality and relevance of evidence. We see no resemblance here to the facts of People v. Zackowitz, 1930, 254 N.Y. 192, 172 N.E. 466, 468, on which defendant relies, where weapons found in the defendant's home, none of which had fired the fatal shot or had even been present at the scene of the crime, were admitted as exhibits and displayed to the jury. Scott v. United States, 5 Cir. 1959, 263 F.2d 398, 401 and Blumberg v.

United States, 5 Cir. 1955, 222 F.2d 496, 500 are also distinguished by their facts.

Although objection was not made at the time by defendant's trial counsel, his appellate counsel sees three instances of plain error as follows. Rule 52(b), Federal Rules of Criminal Procedure.

■ Miss Hawley had testified that defendant paid for her food, clothing and shelter. The Trial Judge then asked her what kind of money arrangement she had with defendant with respect to her earnings. She answered "to give him all the money." He then asked "Do I understand that you did turn over to him all of the money you earned as a prostitute?" to which she replied, "yes, I did."

Defendant asserts that these two questions, destroyed the Judge's impartiality in the eyes of the jury, citing United States v. Carmel, 7 Cir. 1959, 267 F.2d 345, 350; United States v. Hill, 7 Cir. 1964, 332 F.2d 105, 106; Adler v. United States, 5 Cir. 1910, 182 F. 464, 472 and numerous State decisions supporting the proposition that in propounding questions to a witness the Judge must avoid the appearance of becoming an advocate for one side and must refrain from indicating his opinion of the guilt or innocence of the defendant.

The record shows that the Trial Judge here, unlike the Judges in the cited cases, took no such active part in the examination of the witnesses. Nor was the case here a close one on the question of innocence or guilt.

The witness had already said that she engaged in prostitution pursuant to an agreement with the defendant. The Court's two questions merely clarified the testimony. We see no prejudice here, nor any indication of the Court's own views either of the credibility of the witness or the innocence of the defendant. United States v. Earnhardt, 7 Cir. 1946, 153 F.2d 472, 474, cert. den. 328 U.S. 858, 66 S.Ct. 1350, 90 L.Ed. 1629.

**338**

The Court instructed the jury that:

In order to establish that interstate transportation or travel was for an "immoral purpose," the evidence in the case need not show that prostitution was the only purpose of the transportation or travel. A person may have several different motives or reasons for doing a particular act, such as travelling; and all such reasons may, in varying degrees, prompt the act of making a particular trip or journey. Proof of an "immoral purpose" is sufficient, if the evidence in the case establishes beyond a reasonable doubt that, at the time the woman or girl designated in the indictment crossed state lines, from one state into another state, prostitution was one of the dominant purposes of such interstate travel.

Defendant contends that this instruction erred (1) in failing to admonish the jury that the illegal conduct must be the *dominant motive* of the interstate travel, citing Mortensen v. United States, 1944, 322 U.S. 369, 374, 64 S.Ct. 1037, 88 L. Ed. 1331, where husband and wife operators of a house of prostitution took some of the inmates with them on vacation to another state and then returned home, having traveled solely for pleasure and not for the prohibited purposes set out in the statute; and United States v. Reese, N.D.Ohio, W.D., 1966, 248 F. Supp. 688, 690, where a woman engaged in prostitution was transported across a state line and back solely to pick up her personal effects from her home; and (2) in failing to instruct that *mens rea* must be found to have existed prior to conclusion of the interstate travel as held in DeVault v. United States, 10 Cir. 1964, 338 F.2d 179.

The instruction used is virtually verbatim that shown in Mathes and Devitt, Federal Jury Practice and Instructions, § 37.06 (1965, West Publishing Co., St. Paul, Minnesota) except that the Court here instructed the jury that prostitution must be found to be not only one of the purposes, as set out in Mathes and Devitt, but one of the "dominant" purposes of the interstate travel. In United States v. Auterson, 7 Cir. 1965, 347 F.2d 503, where this Court cited the ruling in *Mortensen*, it was held not significant that the trips in question served other purposes (transport of furniture), so long as one purpose was to transport a girl in interstate commerce for immoral purposes. See also United States v. Kotakes, 7 Cir. 1971, 440 F.2d 342.

The Trial Judge instructed the jury that it must be established beyond a reasonable doubt that at the time the woman designated in the indictment crossed state lines, prostitution was one of the dominant purposes. We are satisfied that the instruction was adequate.

The judgment of the District Court is affirmed.

Affirmed.