444 F.2d 1389
 UNITED STATES of America, Plaintiff-Appellee,
v.
John Lee JACKSON, Defendant-Appellant.
No. 71-1213 Summary Calendar.*
*(1) Rule 18, 5th Cir.; See Isbell Enterprises, Inc.
v.
Citizens Casualty Co. of New York et al., 5th Cir., 1970,
431 F.2d 409, Part I.
 United States Court of Appeals, Fifth Circuit.
 July 15, 1971, Rehearing Denied Sept. 14, 1971.
 
 Vernon Z. Crawford, Mobile, Ala. (Court-appointed), for defendant-appellant.
 C. S. White-Spunner, Jr., U.S. Atty., Irwin W. Coleman, Jr., Asst. U.S. Atty., Mobile, Ala., for plaintiff-appellee.
 Before THORNBERRY, MORGAN and CLARK, Circuit Judges.
 PER CURIAM:
 
 
 1
 After trial by jury John Lee Jackson, appellant, was convicted of transporting a stolen motor vehicle in interstate commerce in violation of the Dyer Act, 18 U.S.C.A. 2312. In this appeal Jackson contends that the evidence adduced at trial was insufficient to support his conviction. We affirm.
 
 
 2
 Appellant first contends that the trial court erred in denying his motion for judgment of acquittal made at the conclusion of the government's case. We do not reach the merits of this contention since appellant, by proceeding to present evidence in his behalf after the government rested, waived any error in the denial of the motion. United States v. Rawls, 5th Cir. 1970, 421 F.2d 1285, 1286; Montoya v. United States, 5th Cir. 1968, 402 F.2d 847, 850; Harris v. United States, 5th Cir. 1960, 285 F.2d 85, 86; Jackson v. United States, 5th Cir. 1958, 250 F.2d 897, 901; T'Kach v. United States, 5th Cir. 1957, 242 F.2d 937, 938.
 
 
 3
 Secondly, appellant argues that the trial court erred in denying his motion for judgment of acquittal made at the close of all the evidence. It is, of course, well settled that in reviewing a district court's refusal to direct a verdict of acquittal, this Court can reverse a jury finding of guilty only in the absence of substantial evidence to support it, viewing the evidence in the light most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942); United States v. Robertson, 5th Cir. 1969, 417 F.2d 873; Sanders v. United States, 5th Cir. 1969, 416 F.2d 194. Moreover, it has been repeatedly held in Dyer Act cases that unexplained possession of a vehicle recently stolen in another state permits, although it does not require, inferences that the possessor knew the vehicle was stolen and that he transported it in interstate commerce. United States v. Rawls, supra; United States v. Robertson, supra; United States v. Reed, 5th Cir. 1969, 414 F.2d 435; Hale v. United States, 5th Cir. 1969, 410 F.2d 147. After carefully reviewing the record in light of the aforementioned principles, we have determined that appellant's motion for judgment of acquittal made at the close of all the evidence was properly denied. Accordingly, we affirm the judgment of the trial court.
 
 
 4
 Affirmed.