**GOVERNMENT OF THE VIRGIN ISLANDS**

v.

**ROBERT E. WILLIAMS, Appellant**

No. 18,715

United States Court of Appeals

Third Circuit

Argued January 27, 1971
Decided March 18, 1971

*See, also, 438 F.2d 1085*

CROXTON WILLIAMS, ESQ., Charlotte Amalie, St. Thomas, V.I., *for appellant*

JOEL D. SACKS, ESQ., Assistant United States Attorney, Charlotte Amalie, St. Thomas, V.I., *for appellee*

Before KALODNER, FREEDMAN* and ADAMS, *Circuit Judges*

OPINION OF THE COURT

PER CURIAM:

On the morning of August 7, 1969, a gift shop located in St. Thomas, Virgin Islands was robbed by three men armed with automatic revolvers. A fourth man drove a car used by the group to escape. A witness noted the number of the license plate of the automobile; several days later the car was recovered by the police after having been abandoned.

Following a jury trial Williams was found guilty of robbery in violation of 14 V.I.C. §§ 11, 1861 and sentenced to a term of ten years in prison. The evidence brought

---

* Judge Freedman participated in the consideration and disposition of this case, but died before it was filed.

forth against Williams at trial included the following: A witness' identification of the automobile used to escape the scene of the robbery; testimony that four men fled in the automobile; the testimony of an employee of Hertz Rent-A-Car who identified Williams as the man who on the night before the crime had rented the automobile used in the robbery; and the fact that Williams rented the automobile under a false name and with fraudulent identification. Also, there was evidence that the men who had actually robbed the gift shop had planned to use an automobile as part of their plan for escaping after the robbery. Finally, we think that the jury might properly have inferred from Williams' renting of the automobile one day prior to the crime that Williams was in possession of the car at the time of the robbery. The record is devoid of anything which might rebut such inference—for example, there was no testimony which would indicate that Williams had reported the car stolen either to the police or to the automobile rental agency.

Williams' sole contention is that the evidence was insufficient to support the jury's verdict. The record demonstrates that Williams did not move for judgment of acquittal as mandated by Rule 29, Fed. R. Crim. P. This Court has held in the past that in the absence of a motion for judgment of acquittal, the sufficiency of the evidence may not be questioned on appeal, except when there is plain error. United States v. Wrieole, 379 F.2d 394, 395 (3rd. Cir. 1967); United States v. Manos, 340 F.2d 534, 536–537 (3rd. Cir. 1965).

However, we need not apply the rule articulated in Wrieole and Manos because in any event we find that the evidence introduced at Williams' trial, although admittedly minimal, was sufficient to sustain the verdict.

Accordingly, the judgment of the District Court will be affirmed.