UNITED STATES of America,
Plaintiff-Appellee,

v.

Thurman Artis PORTER, Defendant-Appellant.

No. 73-1733

Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 1, 1973.

A. Cecil Palmour, Summerville, Ga., for defendant-appellant.

John W. Stokes, Jr., U. S. Atty., Atlanta, Ga., for plaintiff-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

Defendant Porter was convicted of (1) possessing nonregistered distilling apparatus, (2) carrying on the business of distilling, and (3) possessing non-tax paid distilled spirits in violation of §§ 5601(a)(1),[1] 5601(a)(4)[2] and 5604(a)(1).[3] Porter was sentenced to three two year terms to run concurrently.

* Rule 18, 5 Cir.; See Isbell Enterprises, Inc. v. Citizens Casualty Co. of New York, et al., 5 Cir., 1970, 431 F.2d 409.

1. 26 U.S.C.A. § 5601(a)(1)(1967).
    (a) Offenses.—Any person who—
    (1) Unregistered stills.—has in his possession or custody, or under his control, any still or distilling apparatus set up which is not registered, as required by section 5179(a).

2. Id. § 5601(a)(4).
    (4) Failure or refusal of distiller or rectifier to give bond.—carries on the

business of a distiller or rectifier without having given bond as required by law.

3. Id. § 5604(a)(1).
    (a) General.—Any person who shall—
    (1) transport, possess, buy, sell, or transfer any distilled spirits, required to be stamped under the provisions of section 5205(a)(2), unless the immediate container thereof has affixed thereto a stamp as required by such section.

The government contends that defendant had constructive possession of the distillery and illegal liquor because of his alleged residency on the property where the distillery and liquor were found. United States v. Jackson, 418 F.2d 787 (6th Cir., 1969). The government bases this contention upon the presumption of a marital relationship through the identity of names whereby the male is presumed to be the head of the household and the presumption of continuation of residence. See Government of the V.I. v. Williams, 438 F.2d 1085 (3rd Cir., 1971); 9 J. Wigmore, Evidence §§ 2529–30 (1940). Furthermore the government contends that the resident is presumed to have knowledge of the activities, such as the operation of a distillery, on the property upon which he resides.[4] Defendant does not challenge the validity of the presumptions, but merely contends that the prosecution has not sufficiently demonstrated the underlying facts upon which to base the presumptions. Consequently, the series of inferences and presumptions are simply conjecture. The essential issue, therefore, is the sufficiency of evidence establishing defendant's connection with the premises where the distillery and illegal whiskey were discovered.

Initially we point out that where a conviction is based upon circumstantial evidence, the evidence introduced and all reasonable inferences must be viewed in a light most favorable to the government. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L.Ed. 680 (1942). The evidence must be such that a jury could reasonably exclude every reasonable hypothesis of innocence. United States v. Johnson, 469 F.2d 973 (5th Cir., 1972); United States v. Martinez, 466 F.2d 679 (5th Cir., 1972);

United States v. Sidan-Azzam, 457 F.2d 1309 (5th Cir., 1972).

It is essential, therefore, to outline the evidence introduced at trial. On September 7, 1972, revenue agents discovered a 225 gallon distillery located approximately 100 yards from a rural residence in Dade County, Georgia. The agents observed a shed located about 25 yards from the distillery in the direction of the residence. Between the shed and the distillery was a water tank on a trailer with a hose running from the distillery to the tank.

On September 8, 1972, the agents returned to the premises with a search warrant. The agents found illegal whiskey in the shed. In searching the area around the house they found another copper distillery similar to the one previously discovered, although it had not been used. Located approximately ten yards from the house, the agents found empty one gallon jugs around a garage, and in the garage they found an inoperative automobile with sixty-one gallons of unstamped liquor located in the trunk.

The agents proceeded to the residence located on the premises. Agent Farmer testified, over a hearsay objection,[5] that a woman who answered the door identified herself as "Mrs. Thurman Artis Porter." She was told that the agents were looking for Thurman Artis Porter and to have him contact the Sheriff of Dade County or the Alcohol, Tobacco and Firearms Office. Defendant subsequently appeared at the Marshal's office on the following business day, September 11, 1972. Furthermore, on a search of the house Agent Williams testified that he located clothing and "everything that belonged to a male in the house."

4. Defendant does not challenge the existence of this presumption and therefore this court does not pass upon its validity.

5. We find defendant's contention that admission of the woman's identity as "Mrs. Thurman Artis Porter" violates the hearsay rule without merit. The hearsay rule does not apply to utterances introduced as operative facts. The utterance by Mrs. Porter was within the scope of the issue regarding defendant's constructive possession of the distillery by establishing his residency. C. McCormick, Law of Evidence § 228, at 463–64 (1954).

Additionally, State Revenue Agent Evans, who accompanied the federal agents on their search of September 8, testified he knew that it was defendant Porter's house because defendant had so stated nine months prior to this occasion.

 Therefore, viewing the evidence from a standpoint most favorable to the government, the jury clearly could reasonably exclude every reasonable hypothesis except that of guilt. The evidence introduced was ample to justify a finding by the jury that the defendant was guilty beyond a reasonable doubt of the offenses charged.

The judgment of the district court is therefore affirmed.