Ben Dewey JONES, Appellant,

v.

COMMONWEALTH of Kentucky, Appellee.

Court of Appeals of Kentucky.

Oct. 31, 1958.

---

Thomas F. Manby, Clark, Manby & Williamson, La Grange, for appellant.

Jo M. Ferguson, Atty. Gen., William L. Brooks, Asst. Atty. Gen., for appellee.

EBLEN, Judge.

Defendant was convicted of escaping from the State Reformatory in violation of KRS 432.390 and sentenced to six years' imprisonment, to be served after the termination of his confinement under a life sentence for wilful murder. The assignment of error on this appeal is that the Commonwealth failed to sustain the burden of proving, by competent evidence, that there had been an escape.

The evidence showed that the defendant was properly admitted to the Kentucky State Reformatory on February 8, 1954, under a commitment from the Whitley Circuit Court, and that he had been transferred to and was working at a branch of the Reformatory at Danville on November 5, 1956. N. O. Tulley testified that he was in charge of the Danville camp; that the defendant was sent to this camp from the Reformatory, and was under confinement at this camp on November 5, 1956; that he (Tulley) returned to his home on November 5 and came back to the camp the evening of November 6; that the defendant was at the camp on November 5 when Tulley left, and that the defendant was not at the camp on November 6 when Tulley returned. Another witness stated that in April, 1957, he was sent to Pineville to return the defendant to the Reformatory from the Pineville jail, in which the defendant was then confined. The defendant did not testify.

 KRS 432.390(1) "* * * describes two modes of committing one offense; that is, escaping while imprisoned in the penitentiary, whether it be from the bounds where he had been assigned, or from within the walls of the prison itself." Clark v. Commonwealth, Ky., 293 S.W.2d 465, 467. The evidence for the Commonwealth was sufficient to make out a case of escape from the camp to which the defendant had been assigned. Even though free to move about within an unwalled area, the defendant was in lawful control and custody, and any movement of himself from that camp would constitute an escape under KRS 432.390(1). Cutter v. Buchanan, Ky., 286 S.W.2d 902. It was not incumbent on the Commonwealth to produce an eyewitness to his departure. He was there one day and was gone the next. Necessarily, there had been a departure during that interval.

The judgment is affirmed.