**Allen James HARPER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 25310.**

United States Court of Appeals
Fifth Circuit.

Jan. 9, 1969.

Carsie A. Hall, Jackson, Miss., for appellant.

Robert E. Hauberg, U. S. Atty., E. Donald Strange, Asst. U. S. Atty., Jackson, Miss., for appellee.

Before THORNBERRY and AINSWORTH, Circuit Judges, and DAWKINS, District Judge.

**186**

BY THE COURT:

Appellant was convicted in the District Court of violating 18 U.S.C. § 2312, interstate transportation of a stolen motor vehicle. At his trial by jury, counsel for appellant twice moved for judgment of acquittal, first at the completion of the Government's case, and again after appellant's evidence fully was adduced.

Here appellant maintains that the trial court erred in denying his motions for judgment of acquittal. After careful review of the Record, we have concluded that there was no error committed by the District Judge, and affirm.

In circumstantial evidence cases, such as this, "* * * the test to be applied on motion for judgment of acquittal and on review of denial of such motion is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis, but that of guilt, but rather whether the jury might reasonably so conclude." Vick v. United States, 5th Cir. 1954, 216 F.2d 228.

The Record here reveals that the only obstacle to the jury's excluding every reasonable hypothesis but that of guilt is the "explanation" offered at trial by appellant.

The Record further shows, moreover, that appellant's testimony was in direct conflict with that of three of the Government's witnesses, namely, Mrs. Essie Thornton, James Sumrall, and Mrs. W. L. Harmon. This conflict in the testimony, together with other evidence wholly adverse to appellant, provided an entirely sufficient basis for the jury's rejection of his would-be "explanation." Beufve v. United States, 5th Cir. 1967, 374 F.2d 123; Broom v. United States, 5th Cir. 1965, 342 F.2d 419.

Affirmed.