**UNITED STATES of America, Plaintiff-Appellee,**

v.

**John Gordon McGLAMORY, Defendant-Appellant.**

**No. 30077.**

United States Court of Appeals, Fifth Circuit.

April 8, 1971.

James M. Prestwood, Andalusa, Ala., Euel A. Screws, Jr., Richard H. Glu, Montgomery, Ala., for defendant-appellant; Hobbs, Copeland, Franco, Riggs & Screws, Montgomery, Ala., of counsel.

Ira DeMent, U. S. Atty., D. Broward Segrest, Asst. U. S. Atty., Montgomery, Ala., for plaintiff-appellee.

Before RIVES, THORNBERRY and CLARK, Circuit Judges.

CLARK, Circuit Judge:

The genesis of this direct criminal appeal was the disappearance of a bulldozer in Covington County, Mississippi, during the night of October 27, 1969. The machine was subsequently found near Red Level, Alabama, in the possession of the Defendant-Appellant, John Gordon McGlamory, who was indicted, convicted and sentenced to three years for receiving and concealing the bulldozer, a stolen motor vehicle, which was moving in interstate commerce, knowing the same to be stolen, in violation of 18 U.S.C.A. § 2313 (1970). Since we find sufficient bases to establish each of the essential elements of this offense and since we find that the admission of evidence of another offense claimed to have been committed was not prejudicial, we affirm.

## I. BACKGROUND AND ISSUES

The facts, highly capsulated but sufficient to frame the issues confronting this court, are as follows. During the night of October 27, 1969, a bulldozer, together with a low-boy trailer upon which it was stored, was taken from its location in the vicinity of Collins, Mississippi. The same bulldozer was subsequently found in Alabama on the property of Appellant McGlamory, about a quarter of a mile from a road in a position where it could not readily be seen.

In response to inquiries made by investigating officials and in his testimony at trial, McGlamory sought to explain the presence of the bulldozer in the following manner. On a morning when he was pouring some concrete for a silo (later established to be the morning after the theft in Mississippi), a total stranger named Jim Johnson came up to the McGlamory residence near Red Level, Alabama, and stated that he had run out of gas. When McGlamory accompanied Johnson outside, he saw a white pick up truck and a maroon truck-tractor pulling a low-boy with a bulldozer on it. In the conversation which followed this chance meeting, Johnson agreed to lease the bulldozer to McGlamory for one month for 2,250 dollars. McGlamory paid Johnson an initial 1,000 dollars in cash, with the remaining 1,250 dollars to be paid at a later date. McGlamory did not know Johnson's address and did not obtain any writing evidencing this rental agreement.

The significant procedural aspects were as follows. During the course of the trial, the United States was permitted to introduce, over McGlamory's objection, evidence to the effect that on December 18, 1969, the morning after the bulldozer had been located on McGlamory's property, he was also found to be in possession of a Ford tractor recently stolen from a tractor dealership in Kentucky, and that McGlamory told an investigating officer "he figured the tractor was hot, might—must be hot." Before any of this testimony was admitted, the trial judge instructed the jury that McGlamory was not charged with regard to the tractor and that the testimony was admitted and should be considered only for the restricted purpose of showing intent or knowledge. McGlamory, through his attorney, moved for a verdict of acquittal at the end of the government's case, but failed to renew this motion at any later time. The instant appeal follows a jury verdict of guilty and a sentence of three years.

McGlamory's appellate contentions are prolific. He contends that 18 U.S.C.A. §

2313 (1970) establishes five essential elements, each of which must be proved. These elements must show that he: (1) received and/or concealed (2) a stolen (3) motor vehicle (4) which was moving in interstate commerce (5) knowing the same to have been stolen. It is contended that the requisite direct evidence was employed to prove at most that a bulldozer was stolen, with the government relying upon the possession of stolen property presumption to prove the other elements. McGlamory also contends that reversible error was committed by the trial court in allowing the admission of evidence of another offense alleged to have been committed, i. e., the Ford tractor theft.

## II. IS A BULLDOZER A MOTOR VEHICLE?

McGlamory, while acknowledging that the government successfully proved that the bulldozer was stolen, points out that proof of this one element left the four remaining essential elements unproved. Since the trial court should have granted a motion for acquittal if any essential element of the government's case was missing, he seeks to point to a lack of proof on each of the remaining four essential elements.

McGlamory's first onslaught is directed to the issue of whether a bulldozer is within the contemplation of the Code section under which McGlamory was convicted and sentenced. McGlamory's argument goes like this. While motor vehicles have diverse purposes, § 2313 was not designed to embrace industrial machinery which normally operates at industrial, road building and construction sites. He contends that his position is aided by the language of 18 U.S.C.A. § 2311 (1970), which provides:

"Motor vehicle" includes an automobile, automobile truck, automobile wagon, motor cycle, or any other self-propelled vehicle designed for running on land but not on rails; * * *.

Support for McGlamory's position is also allegedly drawn from the language of 1 U.S.C.A. § 4 (1927), which reads:

The word "vehicle" includes every description of carriage or other artificial contrivance used, or capable of being used, as a means of transportation on land.

McGlamory feels that the clear intendment of these Code sections is that a "motor vehicle" must be a means of transportation or must be designed to operate on a highway. Since a bulldozer meets neither of these criteria, it is not a motor vehicle within the contemplation of the National Motor Vehicle Theft Act. We disagree that the Code sections contain the meaning which McGlamory seeks to impute.

While a crime under § 2313 requires that a motor vehicle be moved in interstate commerce, these are two distinct elements of the crime. The interstate commerce feature does not imply that the motor vehicle be used exclusively for transportation or upon the highways. "Motor vehicle" is after all merely a descriptive or generic term. The only qualifications placed upon this machine by the definition of § 2311 is that the motor vehicle must be capable of traveling on land but not on rails. Neither § 2311 nor 1 U.S.C.A. § 4 contain the requirement that a vehicle must be used for transportation of passengers or that the motor vehicle must operate on the highways. A bulldozer is a motor vehicle designed for running on land and § 2311 therefore places it within the contemplation of § 2313.

That a bulldozer is a motor vehicle within the contemplation of the Act has been given tacit approval by this Circuit. In United States v. Jones, 421 F. 2d 175 (5th Cir. 1970) the court sustained a conviction under § 2313 when the stolen property was a bulldozer. This panel's language expressly made clear it was dealing with a bulldozer and not the automobile type of motor vehicle involved in most Dyer Act violations.

## III. CONCEALMENT

█ McGlamory next contends that the government made no effort to prove the concealment aspect of the charge. It is contended that the government showed no affirmative acts on the part of McGlamory to hide or to withdraw the bulldozer from observation. It is pointed out that the bulldozer was being openly used to clear land, its loan had been solicited by a neighbor, and it was parked in an open field. The government, however, indicated that when discovered the bulldozer had been placed a quarter of a mile from McGlamory's house and that it was not visible from any road.

It is hornbook law that an appellate court must sustain a conviction if, taking the view most favorable to the government, the evidence was sufficient to have withstood a motion for directed verdict of acquittal. Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942); United States v. Kershner, 432 F.2d 1066 (5th Cir. 1970). Although McGlamory proffered testimony to support the hypothesis that he took no affirmative actions to conceal the bulldozer, the government presented ample evidence from which the jury could have concluded beyond a reasonable doubt that McGlamory actively concealed the stolen bulldozer on his property.

█ If there could be said to have been doubt as to whether the government proved concealment, there is no doubt that proof was offered that McGlamory received the machine. The government may charge in the conjunctive and convict in the disjunctive where a statute specifies several alternative ways in which an offense may be committed. A conviction will stand if proof of any one means of commission is sufficient to support a jury verdict. United States v. Lee, 422 F.2d 1049 (5th Cir. 1970). In the instant case, McGlamory was charged with receiving *and* concealing a stolen motor vehicle. If the government proved either receipt, which it clearly did, or concealment, which we have already indicated was proved, the conviction will not fall because of the lack of this particular essential element.

## IV. SCIENTER

McGlamory sets into motion a dual sortie against the government's proof of requisite guilty knowledge on his part. McGlamory's first contention here begins with the acknowledgment that there exists within current criminal jurisprudence the proposition that possession of stolen goods requires an explanation, failing in which an inference of theft arises. This, he asserts, is merely another way of saying that the possession of stolen property is circumstantial evidence of guilt. McGlamtory, however, contends that the law has improperly allowed possession of stolen property to become a reverse requirement, that such a possessor must now prove innocent acquisition, and that this unfair burden is increased when the defendant offers proof, as McGlamory did, as to how he came into possession of the machine to a point of requiring such proof to establish beyond a reasonable doubt that the possession was innocent.

After pointing to this improper burden allegedly resting upon him, McGlamory makes a second contention: that the only proof of guilty knowledge was proof of possession. Thus, he says the entire proof of guilty knowledge was circumstantial, and such a case requires a sterner standard to set aside the presumption of innocence than a case in which direct evidence is introduced. McGlamory then concludes that where these two standards meet—the presumption or inference from possession of recently stolen property vis-a-vis a presumption of innocence—then the presumption of innocence must prevail.

█ While we generally find no fault with McGlamory's abstract propositions save his assertion that possession of stolen property has become a requirement that the possessor prove innocent acquisition and that the presumption of inno-

cence automatically takes from the jury its task of weighing the presumption created by the possession of recently stolen property, these axioms do not require that we overturn the jury verdict. In United States v. Jones, 434 F.2d 232 (5 Cir. 1970), we sated the rules thusly:

> [T]his and other Circuits have long recognized that the unexplained possession of a recently stolen automobile warrants the inference that the person in possession had knowledge of the theft of the vehicle. United States v. Reed, 5 Cir., 1969, 414 F.2d 435, 438, rev'd on other grounds, 5 Cir., 1969, 421 F.2d 190; United States v. Rawls, 5 Cir., 1970, 421 F.2d 1285, 1287. It is also the rule in this Circuit, however, that where the evidence relied on to sustain a verdict is circumstantial, it must be such that the jury might reasonably find that it excludes every reasonable hypothesis except that of guilt. Surrett v. United States, 5 Cir., 1970, 421 F.2d 403; Riggs v. United States, 5 Cir., 1960, 280 F.2d 949. Testimony by the defendant and other witnesses tending to show an absence of guilty knowledge does not preclude the jury from inferring that fact from other evidence. Moody v. United States, 377 F.2d 175, 177 (5th Cir. 1967).

 Since the evidence as to guilty knowledge on the part of McGlamory was circumstantial, we must decide whether reasonable minds could conclude, as the jury did, that this evidence was inconsistent with every reasonable hypothesis of his innocence. The bulldozer had been stolen the previous night in Mississippi and was in McGlamory's possession the next morning in Alabama. Such possession of recently stolen property is circumstantial evidence of guilty knowledge. Additionally, when the officers arrived at the farm, the bulldozer was concealed from view, and, at the time of his arrest. McGlamory was in possession of another stolen motor vehicle. The jury was thus faced with McGlamory's explanation of how he came into possession of the bulldozer, not

knowing it to be stolen, and the countervailing circumstances. Issues of this sort are uniquely within the jury's province, Odom v. United States, 377 F.2d 853 (5th Cir. 1967), and the jury made a decision. The jury cannot be deprived of its function to make such a decision even by the ever present presumption of innocence.

██ ██ Difficulties in delineating the extent to which circumstantial evidence must be inconsistent with every reasonable hypothesis except that of guilt are lessened by remembering that the teachings of *Glasser, supra,* also require circumstantial evidence to be viewed in the light most favorable to the government where a guilty verdict has been rendered. Additionally, we must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; *but rather whether the jury might so conclude.* Harper v. United States, 405 F. 2d 185 (5th Cir. 1969); Roberts v. United States, 416 F.2d 1216 (5th Cir. 1969). The procedure for appellate review of the sufficiency of the evidence has been aptly set out in Odom v. United ed States, 377 F.2d 853, 855 (5th Cir. 1967):

> Our obligation, therefore, is to examine the record to determine whether there is any theory of the evidence from which the *jury* might have excluded every hypothesis except guilty beyond a reasonable doubt. Rua v. United States, 5 Cir., 1963, 321 F.2d 140; Riggs v. United States, 5 Cir., 1960, 280 F.2d 949. In Judge Thornberry's words,
>
> "* * * the standard utilized by this Court is not whether in our opinion the evidence and all reasonable inferences therefrom failed to exclude every hypothesis other than guilt, but rather whether there was evidence from which the *jury* might reasonably so conclude." Williamson v. United States, 5th Cir., 1966,

365 F.2d 12, 14. (Emphasis supplied)

The sanctity of the jury function demands that this court never substitute its decision for that of the jury. Our obligation is to examine the welter of evidence to determine if there exists any reasonable theory from which the jury might have concluded that the defendant was guilty of the crime charged. Measured in this manner, the evidence was obviously sufficient to go to the jury and we cannot say it was insufficient to permit them to determine that McGlamory possessed the requisite guilty knowledge. Further, McGlamory is in a poor procedural position to attack the sufficiency of the evidence of guilty knowledge since he did not move for a judgment of acquittal in the trial court at the end of all the testimony, pursuant to Fed.R.Crim.P. 29. By failing to so move, McGlamory all but waived any future challenges to the sufficiency of the evidence. Wilkins v. United States, 376 F.2d 552, 563 (5th Cir. 1967). Ordinarily, in light of this failure, we would review the record only to determine if allowing the conviction to stand would result in a manifest miscarriage of justice. *See, e. g.,* Fitzpatrick v. United States, 410 F.2d 513 (5th Cir. 1969); Smith v. United States, 403 F.2d 689 (5th Cir. 1968). However, as reflected by our preceding discussion, we have no hesitation in holding that the evidence of guilty knowledge was ample to support the verdict.

Finally, we find no grounds of support for McGlamory's contention that he was forced to prove his innocent acquisition beyond a reasonable doubt. His innocence was always presumed and his case went to the jury with that clear instruction. In the words of the trial judge:

> In the administration of our criminal laws in this country, a defendant who is charged with the commission of a crime or crimes—the defendant, McGlamory, in this case, who is charged with the commission of a crime, charged with violating one of the criminal laws of the United States—does not have the burden of coming into court and proving his innocence. And to make certain that a defendant does not have to prove his innocence, but to place that burden of proof upon the governmental entity that initiates the prosecution—the United States in this case—there is a legal principle that says that each defendant who is charged with the commission of a crime is presumed by law to be innocent of that crime. McGlamory is presumed in this case to be innocent of this crime, the commission of the crime. This presumption of innocence stands McGlamory throughout the trial of this case; he will continue to have the benefit of the presumption of innocence until you reach a point in the course of your deliberations, if you do reach this point, that you believe the Government has sustained the burden of proof that the law places upon it in criminal cases.

## V. ADMISSION OF PROOF OF AN UNCHARGED CRIME

McGlamory urges that admission of evidence that a stolen farm tractor was found on his farm was grossly objectionable. He asserts the Government surprised him by offering evidence of an offense that he was not charged with, then went on to argue that McGlamory's inability to clear himself of the tractor crime proved the crime charged. Our examination of the record discloses the admission of the evidence was neither a surprise nor was it offered as proof of the crime charged.

■ McGlamory knew that the Government was claiming the tractor was acquired in violation of the law because law enforcement officials seized it on the same day they seized the bulldozer, so the use of this factor in evidence could not really have come as any surprise. Clearly it did not deprive McGlamory of an opportunity to defend on this issue.

McGlamory's claim that the evidence of the stolen tractor amounted to proof of the crime charged is made implausible by the trial judge's clear instruction to the jury that this evidence could be used solely to show intent or knowledge and could not be used as proof of the crime charged.

This Circuit has frequently dealt with the problem of the introduction of evidence of other criminal acts of the accused. Most recently in United States v. Pittman, 439 F.2d 906 (5th Cir. 1971) this Circuit was confronted with an objection to the introduction of testimony concerning an illegal transaction not charged in the indictment. The court declared:

> As a general rule, in a criminal case, "the prosecution may not introduce evidence of other criminal acts of the accused unless the evidence is substantially relevant for some other purpose than to show a probability that he committed the crime on trial because he is a man of criminal character." C. McCormick, Handbook of the Law of Evidence § 157 at 327 (1964). The rule is one of long standing in the federal system. See Boyd v. United States, 142 U.S. 450, 12 S.Ct. 292, 35 L.Ed. 1077 (1892); Fabacher v. United States, 5 Cir., 1927, 20 F.2d 736. It bars the introduction of evidence of other criminal acts of the accused only where the relevancy of such evidence depends on an inference from the other criminal acts to the character of the defendant, and thence to the defendant's guilt as charged. Michelson v. United States, 335 U.S. 469, 475–476, 69 S.Ct. 213, 218–219, 93 L.Ed. 168 (1948); 2 C. Wright, Federal Practice and Procedure § 410 (1969). Thus, for example, it is established in this Circuit that such evidence "will be received for the purpose of showing knowledge, intent, motive, design or scheme where such element is an essential of the commission of the offense." Ehrlich v. United States, 5 Cir., 1956, 238 F.2d 481, 484; *see* Weiss v. United States, 5 Cir., 1941, 122 F.2d 675, 681–685, cert. denied, 314 U.S. 687, 62 S.Ct. 300, 86 L.Ed. 550 (1941).

We find no error in the admission of evidence of the stolen Ford tractor under the trial court's limiting instructions.

## VI. CONCLUSION

We have carefully considered each point raised by McGlamory and tested it against the record and the law applicable to the matter in controversy. We are satisfied that there was ample proof to support the verdict of the jury and that the court's actions were free from reversible error. The judgment of the trial court is therefore

Affirmed.