247 So.2d 677

**James L. KING, alias**

v.

**STATE.**

**3 Div. 73.**

Court of Criminal Appeals of Alabama.

May 4, 1971.

Prison were broken on January 15, 1970. About five miles from the prison, searching officers found King in some woods. No cognizant prison official had given him permission to be absent.

The thrust of the defendant's proof was that he was one of 22 convicts who broke out. Some of the ring leaders emphatically insisted that he go along. He enjoyed the reputation of being a "rat" and they feared that he would disclose the prison break, thus keeping the group from having enough time to make good their getaway.

We consider that whether or not King left the prison under duress was a question of fact for the jury. The State's proof was sufficient to make a prima facie case. That is, a prisoner's unauthorized absence from his legal place of detention makes out a factually presumptive case of escape. In Jones v. Commonwealth, Ky., 317 S.W.2d 491 we find:

"* * * It was not incumbent on the Commonwealth to produce an eyewitness to his departure. He was there one day and was gone the next. * * *"

In the trial below the defendant had the benefit of defending in avoidance on the theory that he was coerced.[2] In this framework we do not need to decide whether or not the Code section, supra, encompasses willingness or voluntariness as distinguished from imposing an absolute duty on a prisoner, e. g., to allow himself to be killed rather than leave prison before his sentence is up. See discussion in People v. Whipple, 100 Cal.App. 261, 279 P. 1008; Anno. 70 A.L.R.2d 1430; 27 Am.Jur.2d Escape, etc. § 16.

B. F. Lovelace, Brewton, for appellant.

MacDonald Gallion, Atty. Gen., and Charles H. Barnes, Asst. Atty. Gen., for the State.

CATES, Judge.

Escape by a life convict from the penitentiary: sentence, five years. Code 1940, T. 14, § 153, as amended.[1]

The State's proof consisted of an extant sentence and the circumstance that a door and the chain link outer fence at Holman

1. "Any convict who escapes or attempts to escape from the penitentiary, or from any person or guard having him in charge under authority of law, either within or outside the walls of the penitentiary, before the expiration of the term for which he was sentenced, shall, on conviction be imprisoned for an additional term of not less than one year."

2. The California Penal Code § 26, expressly makes threats or menaces to life an excuse for committing certain crimes, People v. Richards, 269 Cal.App.2d 768, 75 Cal.Rptr. 597. Compare People v. Wester, 237 Cal.App.2d 232, 46 Cal. Rptr. 699.

We have carefully considered the entire record and conclude that the judgment below is due to be

Affirmed.