**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Manuel SIDAN–AZZAM, Defendant-
Appellant.**

**No. 71–2109.**

United States Court of Appeals,
Fifth Circuit.

April 7, 1972.

Rehearing and Rehearing En Banc
Denied May 12, 1972.

Lawrence E. Hoffman, Miami Beach, Fla., for defendant-appellant.

Robert W. Rust, U. S. Atty., George A. Kokus, Asst. U. S. Atty., Miami, Fla., for plaintiff-appellee.

Before JOHN R. BROWN, Chief Judge, and INGRAHAM and RONEY, Circuit Judges.

PER CURIAM:

The key question on this appeal is whether the trial judge, to whom the case was submitted without a jury, was warranted in adducing from the circumstantial evidence inferences which excluded every reasonable hypothesis of innocence. Holding that the trial judge could reasonably so conclude, we affirm the conviction of the defendant on all counts charging him with violation of the narcotics laws of the United States. Title 21 U.S.C. §§ 173, 174; Title 26 U.S.C. § 4704(a); and Title 26 U.S.C. § 4705(a).

We recognize the well established rule that where the evidence relied on to sustain a verdict is circumstantial, it must be such that the trier of fact could reasonably find that the evidence excludes every reasonable hypothesis, except that of guilt. Surrett v. United States, 421 F.2d 403 (5th Cir. 1970); Riggs v. United States, 280 F.2d 949 (5th Cir. 1960). This test is not simply whether in our opinion the evidence excludes every reasonable hypothesis of innocence, but rather whether the trier of fact might reasonably so conclude. United States v. McGlamory, 441 F.2d 130 (5th Cir. 1971); Harper v. United States, 405 F.2d 185 (5th Cir. 1969); Roberts v. United States, 416 F.2d 1216 (5th Cir. 1969); Odom v. United States, 377 F.2d 853 (5th Cir. 1967); Williamson v. United States, 365 F.2d 12 (5th Cir. 1966); Rua v. United States, 321 F.2d 140 (5th Cir. 1963); and Vick v. United States, 216 F.2d 228 (5th Cir. 1954).

The evidence reveals that on three occasions a codefendant on trial with appellant sold narcotics to a government agent and an informer. On two of these occasions, the appellant was observed just prior to the sale arriving at the co-defendant's house with a package of some sort and departing shortly after the co-defendant's return from completing the sale of narcotics. On one of these occasions, monitored telephone conversations revealed that the co-defendant told the prospective purchaser that the "man" had not arrived yet and he had not received the "load" until almost the precise moment that the appellant entered the co-defendant's house, at which time the prospective purchaser was informed that "the stuff is here" and "the man finally arrived." It is these telephone conversations, which the trier of fact might reasonably infer could only refer to the appellant, together with the other circumstantial evidence in the case, that distinguishes the case from Panci v. United States, 256 F.2d 308 (5th Cir. 1958) upon which the appellant so heavily relies.

Affirmed.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc. (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is denied.