Charles Price was convicted in the Circuit Court of Houston County of possession of marijuana. The Court of Criminal Appeals reversed the conviction and rendered a judgment in Price's favor, 531 So.2d 682 (Ala.Cr.App. 1987). The State's application for rehearing in that court was overruled. The State then filed a petition for writ of certiorari, which was granted. We reverse and remand.
A detailed statement of the facts is contained in the opinion of the Court of Criminal Appeals. Robinette, Price, and Fenn v.State, 531 So.2d 682 (Ala.Crim.App. 1987).[1]
The State maintains that the Court of Criminal Appeals erred to reversal in holding that Price was entitled to a judgment of acquittal. Specifically, the State contends that it was reasonably inferable from the evidence that Price was guilty beyond a reasonable doubt; therefore, it argues, the question of Price's guilt or innocence was one properly reserved for the jury. We agree.
The standard for appellate review of the sufficiency of the evidence in a case such as this one was aptly set out in Dolvinv. State, 391 So.2d 133 (Ala. 1980):
 "`In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. United States v. Black, 497 F.2d 1039 (5th Cir. 1974); United States v. McGlamory, 441 F.2d 130
(5th Cir. 1971); Clark v. United States, 293 F.2d 445
(5th Cir. 1961).
 "`[W]e must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; but rather whether the jury might so conclude. Harper v. United States, 405 F.2d 185 (5th Cir. 1969); Roberts v. United States, 416 F.2d 1216 (5th Cir. 1969). The procedure for appellate review of the sufficiency of the evidence has been aptly set out in Odom v. United States, 377 F.2d 853, 855 (5th Cir. 1967):
 "`"Our obligation, therefore, is to examine the record to determine whether there is any theory of the evidence from which the jury might have excluded every hypothesis except guilty beyond a reasonable doubt. *Page 699 Rua v. United States, 5 Cir., 1963, 321 F.2d 140; Riggs v. United States, 5 Cir., 1960, 280 F.2d 949. . . . The sanctity of the jury function demands that this court never substitute its decision for that of the jury. Our obligation is to examine the welter of evidence to determine if there exists any reasonable theory from which the jury might have concluded that the defendant was guilty of the crime charged. McGlamory, 441 F.2d at 135 and 136."'" (Emphasis in original.)
391 So.2d at 137-38, quoting Cumbo v. State, 368 So.2d 871, 874
(Ala.Crim.App. 1978), cert. denied, Ex parte Cumbo,368 So.2d 877 (Ala. 1979).
In the present case, the evidence showed that Price was found in a "drug den." He answered the door two minutes after the police knocked on it; he lied to the police by telling them that no one else was present in the house; and, he had $5,000 on his person. We think that the jury could have reasonably inferred that Price was guilty of possession under these facts. The Court of Criminal Appeals took the view that the evidence could be reasonably explained under a theory consistent with Price's innocence. In so doing, the court substituted its decision for that of the jury. The jury, by finding Price guilty of the offense charged, was obviously satisfied that the evidence excluded every reasonable hypothesis except that of guilt. It was the jury's call.
For the foregoing reasons, the judgment of the Court of Criminal Appeals is reversed and the cause is remanded to that court for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
TORBERT, C.J., and MADDOX, SHORES, BEATTY, ADAMS and STEAGALL, JJ., concur.
[1] David M. Robinette, Charles Price, and Riley M. Fenn were jointly indicted for possession of marijuana. The cases were consolidated for trial and tried before a jury, and all of them were found guilty. The Court of Criminal Appeals affirmed the convictions of Robinette and Fenn. We granted certiorari to consider only whether that court erred in reversing Price's conviction and rendering judgment in his favor.