McMILLAN, Judge.
The appellant, an inmate of the Coving-ton County Jail, was convicted in a jury trial of escape in the first degree, in violation of § 13A-10-31(a)(2), Code of Alabama (1975). Thereafter, he was sentenced under the Habitual Felony Offender Act to a term of life imprisonment. This appeal follows.
I.
The appellant argues that the evidence presented by the State was insufficient to support his conviction of escape in the first degree. He therefore contends that the trial court erred in denying his motion for directed verdict of acquittal. This Court does not agree.
In Robinette v. State, 531 So.2d 697 (Ala.1988), our Supreme Court reiterated the standard for appellate review of sufficiency of the evidence in eases of circumstantial evidence. The Robinette Court held as follows:
“The standard for appellate review of the sufficiency of the evidence in a case such as this one was aptly set out in Dolvin v. State, 391 So.2d 133 (Ala.1980):
“ ‘ “In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. United States v. Black, 497 F.2d 1039 (5th Cir.1974); United States v. McGlamory, 441 F.2d 130 (5th Cir.1971); Clark v. United States, 293 F.2d 445 (5th Cir.1961).
“ ‘ “[W]e must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; but rather whether jury might so conclude. Harper v. United States, 405 F.2d 185 (5th Cir. 1969); Roberts v. United States, 416 F.2d 1216 (5th Cir.1969). The procedure for appellate review of the sufficiency of the evidence has been aptly set out in Odom v. United States, 377 F.2d 853, 855 (5th Cir.1967):
“ ‘ “ ‘Our obligation, therefore, is to examine the record to determine whether there is any theory of the evidence from which the jury might have excluded every hypothesis except guilty beyond a reasonable doubt. Rua v. United States, 5 Cir., 1963, 321 F.2d 140; Riggs v. United States, 5 Cir., 1960, 280 F.2d 949 . . . . The sanctity of the jury function demands that this court never substitute its decision for that of the jury. Our obligation is to examine the welter of evidence to determine if there exists any reasonable theory from which the jury might have concluded that the defendant was guilty of the crime charged. McGlamory, 441 F.2d at 135 and 136.’ ” ’ (Emphasis in original.)
391 So.2d at 137-38, quoting Cumbo v. State, 368 So.2d 871, 874 (Ala.Crim.App.1978), cert. denied, Ex parte Cumbo, 368 So.2d 877 (Ala.1979).”
Id. at 698-99.
Pursuant to § 13A-10-31(a)(2), Code of Alabama (1975), a person commits the crime of escape in the first degree if, “[hjaving been convicted of a felony, he escapes or attempts to escape from custody pursuant to that conviction.”
In the case at bar, the evidence presented by the prosecution tended to establish the following facts:
Hank Roland was employed as a jailer at the Covington County Jail, and was on duty during the late evening and early morning hours of May 1 and 2, 1988. Roland testified that the appellant was a trusty at the Covington County Jail and, as such, had free run of the inside of the jail, except at bedtime. At about 12:05 a.m. on May 2, 1988, Roland unlocked the door of the jail leading downstairs and then went downstairs to check the appellant’s bed. Roland saw a pair of shoes underneath the bed, *332 and saw what appeared to be the appellant lying in the bed. Thereafter, Roland went back upstairs to check the remainder of the facility, but did not relock the front door until about ten minutes later.
At about 6:00 a.m. on May 2, Roland unlocked the downstairs door to awaken the cooks. When the cooks went to wake up the appellant, however, he was not in his bed. A subsequent search of the jail was made, but the appellant could not be found. Roland indicated that the appellant must have escaped earlier that morning during the interval that the downstairs door was left open. Roland testified that he had not given the appellant permission to leave the jail.
Denny Merritt was employed as an investigator with the Covington County Sheriffs Office. Merritt testified that he knew the appellant and that the appellant was awaiting sentencing for a theft of property charge at the time of his escape. Merritt testified that he was involved in the search for the appellant and that he found the appellant asleep in a bedroom of the home of Mr. Larry Johns.
Roger Powell testified that he was circuit clerk for the Twenty-second Judicial Circuit, and that he was the custodian of all of the criminal records of the Covington Circuit Court. Powell identified a certified copy of the judgment entry of case number CC-88-61, in which the appellant was convicted of theft of property in the first degree. Thereafter, the certified copy of the judgment entry was admitted into evidence.
In the case sub judice, the evidence clearly establishes that the appellant was in custody pursuant to a lawful conviction of theft of property in the first degree, a Class B felony. Section 13A-8-3, Code of Alabama (1975). The evidence likewise shows that he voluntarily departed from the Covington County Jail without legal authorization, and that he remained absent until he was apprehended by Investigator Merritt. “A prisoner’s unauthorized absence from his legal place of detention makes out a factually presumptive case of escape. King v. State, 46 Ala.App. 635, 247 So.2d 677 (1971).” Andrews v. State, 473 So.2d 1211, 1215 (Ala.Cr.App.1985). Because the record of this case contains ample evidence to support the appellant’s conviction of escape in the first degree, the trial court properly denied his motion for directed verdict of acquittal.
II.
The appellant next argues that the trial court erred by failing to give his requested oral charge as to his constitutional right not to testify.
The record indicates that the following occurred at the conclusion of the trial court’s oral charge to the jury:
“MRS. RABREN: We would respectfully except to the Defendant’s charges not given 1 through 9 and would ask that the Court give an oral instruction as to the Defendant’s constitutional right not to testify.” (Emphasis supplied).
In Townsend v. State, 500 So.2d 105 (Ala.Cr.App.1986), we addressed the precise issue now before us. In reversing the judgment of the trial court and remanding that case for a new trial, this Court held the following:
“Following the court’s oral charge to the jury, defense counsel objected to the court’s failure to charge the jury on the appellant’s right not to testify in the case. This oral exception was sufficient to preserve error under Rule 14, A.R.Cr. P.Temp., even though defense counsel did not submit a written charge covering the matter of the appellant’s failure to so testify. See Matkins v. State, 497 So.2d 194 (Ala.Cr.App.1985).
“The trial court committed reversible error by refusing defense counsel’s request to charge the jury on the effect of the appellant’s failure to testify. Perry v. State, 368 So.2d 310 (Ala.1979).”

Id.

In the present case, as in Townsend, counsel’s oral exception to the court’s failure to charge as to the appellant’s constitutional right not to testify is sufficient to preserve this issue for appellate review. The trial court erred in failing to give the *333 requested oral charge, and its judgment is therefore due to be reversed and this cause remanded for a new trial.
REVERSED AND REMANDED.
All the Judges concur.