MADDOX, Justice
(dissenting).
I must respectfully dissent from the order quashing the writ of certiorari as having been improvidently granted. Because the majority issues no opinion explaining the facts of this case, I will set out the relevant facts to explain why I dissent.
Covellor Posey was convicted of trafficking in illegal drugs, in violation of § 13A-12-231(7)(a), Ala.Code 1975, and was sentenced to life in prison and was fined $50,000. The Court of Criminal Appeals reversed the conviction and rendered a judgment for Posey. Posey v. State, 736 So.2d 656 (Ala.Crim.App.1997). The State petitioned for a writ of certiora-ri; this Court issued the writ, but today quashes it. For the reasons I will discuss below, I would reverse the judgment of the Court of Criminal Appeals.
On August 16, 1995, Fayette County Sheriff James Turner and his deputies, acting pursuant to a warrant, searched a business known as “Posey’s auto parts store” and searched also a trailer located on the premises of that business. The deputies who searched the trailer entered it through an unlocked door. They found Covellor Posey and Ms. Tracy Windham sleeping in the back room of the trailer; two small children were also asleep in another section of the trailer. Both men’s clothing and women’s clothing were found in the room where Posey was sleeping. Marijuana and drug paraphernalia were also found in that room. The deputies found a skillet containing approximately $20,000 of methamphetamine in the refrigerator located in the kitchen area of the trailer. Posey was arrested and was charged with trafficking in illegal drugs.
*662 At trial, the State argued that Posey had been in constructive possession of the drugs in question at the time of his arrest. It presented evidence indicating that the trailer was assessed for tax purposes in Posey’s name. Posey testified that the trailer belonged to his son and that he had been staying there only because he wanted to get to work early the next morning. He worked at the automobile parts store. He also testified that the drugs belonged neither to him nor to his son. Ms. Windham testified that she had taken ice from the freezer the night before the search and had not seen the skillet there. She also testified that she had heard three other people enter the kitchen that morning before the search. None of the others alleged to have entered the kitchen that morning testified to having seen the skillet. The evidence further showed that another person appeared at the store during the search and that he was in possession of methamphetamine at that time.
Posey moved for an acquittal, both at the close of the state’s evidence and at the close of the defense’s case. He argued that the state had failed to prove that he was in constructive possession of the drugs because, he argued, it had failed to prove that he had known of the presence of the drugs. The trial judge denied both motions, and the jury found Posey guilty.
On appeal, the Court of Criminal Appeals held that the trial court had erred in denying Posey’s two motions for judgment of acquittal. The Court of Criminal Appeals reached that conclusion because, it held, the evidence presented at trial was insufficient to support the conviction. In particular, the court concluded that the State had failed to present sufficient evidence to support a finding that Posey had been aware of the presence of the drugs.
The State contends that reasonable jurors could have concluded from the evidence presented that Posey was in constructive possession of the drugs. Therefore, it argues, the question of Po-sey’s guilt or innocence was for the jury to decide. I agree with the State’s argument.
In Dolvin v. State, 391 So.2d 133 (Ala.1980), this Court set forth the appellate standard for reviewing a question of the sufficiency of the evidence in a case in which the defendant was convicted based on circumstantial evidence:
“ ‘In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. United States v. Black, 497 F.2d 1039 (5th Cir.1974); United States v. McGlamory, 441 F.2d 130 (5th Cir.1971); Clark v. United States, 293 F.2d 445 (5th Cir.1961).
“ ‘[W]e must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; but rather whether the jury might so conclude. Harper v. United States, 405 F.2d 185 (5th Cir.1969); Roberts v. United States, 416 F.2d 1216 (5th Cir.1969). The procedure for appellate review of the sufficiency of the evidence has been aptly set out in Odom v. United States, 377 F.2d 853, 855 (5th Cir.1967):
“ ‘ “Our obligation, therefore, is to examine the record to determine whether there is any theory of the evidence from which the jury might have excluded every hypothesis except guilty beyond a reasonable doubt.... The sanctity of the jury function demands that this court never substitute its decision for that of the jury. Our obligation is to examine the welter of evidence to determine if there exists any reasonable theory from which the jury might have concluded that the *663 defendant was guilty of the crime charged. McGlamory, 441 F.2d at [135-36].”' ”
391 So.2d at 137-38, quoting Cumbo v. State, 368 So.2d 871, 874 (Ala.Crim.App.1978), cert. denied, 368 So.2d 877 (Ala.1979). (Emphasis in original.)
In its opinion in this case, the Court of Criminal Appeals emphasized this additional part of its Cumbo opinion:
“However[,] circumstantial evidence justifies a conviction only when it is inconsistent with any reasonable theory of innocence.
“‘The humane provisions of the law are, that a prisoner, charged with a felony, should not be convicted on circumstantial evidence, unless it shows by a full measure of proof that the defendant is guilty. Such proof is always insufficient, unless it excludes, to a moral certainty, every other reasonable hypothesis, but that of guilt of the accused. No matter how strong the circumstances, if they can be reconciled with the theory that some other person may have done the act, then the defendant is not shown to be guilty, by that full measure of proof which the law requires.’ ”
Cumbo, 368 So.2d at 875, quoting Ex parte Acree, 63 Ala. 234, 234 (1879). In this case, in considering the evidence, the Court of Criminal Appeals held “that the state did not prove beyond a reasonable doubt that Posey had knowledge of the presence of the methamphetamine.... The evidence presented by the state did not exclude every reasonable hypothesis but that of Posey’s guilt.” 736 So.2d at 660.
I would note, however, that, as the Court of Criminal Appeals also held in Cumbo, “Whether circumstantial evidence tending to connect the defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of the defendant’s guilt is a question for the jury and not the court.” Cumbo, 368 So.2d at 875 (emphasis added).
In Robinette v. State, 531 So.2d 697 (Ala.1988), this Court applied the standards stated above, in a case in which the defendant was convicted of possession of marijuana, under a theory of constructive possession. In that case, the defendant had been arrested in a “drug den” after having answered the door two minutes after the police knocked. He had $5,000 on his person, and there was marijuana on the premises. He told the police that no others were present in the house, when in fact there had been others present.
In Robinette, this Court noted that “[t]he Court of Criminal Appeals took the view that the evidence could be reasonably explained under a theory consistent with [the defendant’s] innocence.” Robinette, 531 So.2d at 699. This Court, concluding that the Court of Criminal Appeals had misapplied the standards stated above, reversed the judgment of the Court of Criminal Appeals, which had reversed the conviction and had rendered a judgment for the defendant. This Court held that the Court of Criminal Appeals had improperly substituted its judgment for that of the jury.
Upon my review of the record, the briefs of the parties, and the opinion of the Court of Criminal Appeals, I conclude that the rationale this Court followed in Robinette applies in this present case. The jurors in this case had the opportunity to hear and consider the testimony of all the witnesses. As a part of the jury’s deliberative process, each juror no doubt weighed the credibility of the witnesses and considered how believable each witness’s testimony was. Whether an appellate judge might reach a different conclusion had he or she been a member of the jury is irrelevant. Our task is “to determine whether there is any theory of the evidence from which the jury might have excluded every hypothesis except guilty beyond a reasonable doubt.” Dolvin, 391 So.2d at 137-38 (citations omitted). Given the evidence, I believe that reasonable jurors, applying the in *664 struction on the law of circumstantial evidence as stated by the trial court, could have concluded that Posey was guilty. Accordingly, I would reverse the judgment of the Court of Criminal Appeals.
SEE, J., concurs.