**IN THE UNITED STATES COURT OF APPEALS**
    **FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 24, 2012

No. 11-40647
Summary Calendar

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

LORI BENSON KIRKMAN, also known as Sealed2,

Defendant-Appellant

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 1:10-CR-84-2

Before WIENER, GARZA,  and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Defendant-Appellant Lori Benson Kirkman appeals her convictions for conspiring to transport stolen goods in interstate commerce, *see* 18 U.S.C. § 371, and for transporting stolen property in interstate commerce knowing that it had been stolen.  *See* 18 U.S.C. § 2314).  We affirm.

Kirkman's sole claim on appeal is that there was insufficient evidence to convict her.  The only legal authorities, other than the statutes of conviction, cited in the brief filed on Kirkman's behalf are two cases holding that an

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

appellate court must review the evidence in the light most favorable to the verdict. The bulk of the brief consists of defense counsel's conclusional assertions and spin on the testimony. There is no discussion of matters ordinarily considered in sufficiency cases involving co-conspirator testimony, including the standard of review, the elements of the offenses, the evidentiary principles governing such testimony, and the law governing evidentiary sufficiency generally.

Given the uncontradicted evidence of her guilt, the standard of review may be pretermitted, as Kirkman cannot prevail under any standard. *See United States v. Rodriguez*, 523 F.3d 519, 525 (5th Cir. 2008). Additionally, the elements of the offenses may be pretermitted, as Kirkman does not contend that the government failed to prove any of them. *See id.*

Kirkman notes that no independent witness saw her with the stolen property—coins valued at about $152,000—and that the only evidence that the coins were stolen came from codefendants. She also states that the only proof of her guilt is the testimony of two co-conspirators who were indicted with her. To the extent that Kirkman may be understood to contend that her codefendants' testimony should not have been admitted and was not enough to convict her, she is mistaken. Unless it is factually insubstantial or incredible, which Kirkman does not claim to be the case, uncorroborated testimony from even one of her co-conspirator was sufficient evidence to convict her. *See United States v. Westbrook*, 119 F.3d 1176, 1190 (5th Cir. 1997); *see also United States v. Acosta*, 763 F.2d 671, 680 (5th Cir. 1985).

The uncontradicted—and unobjected to—testimony of Kirkman's codefendants was that Kirkman removed the coins from the victim's residence and shared in the proceeds of their sale, knowing that the victim had consented to neither the removal nor the sale. Kirkman nevertheless maintains conclusionally that the totality of the evidence, both physical and testimonial, was just as likely to prove her innocence as it was to prove her guilt; she cites no

law in support of this proposition.  To the extent that Kirkman may be understood to imply that we should "substitute [our] decision for that of the jury" and thus undermine "[t]he sanctity of the jury function," she is wrong, our obligation being to review the "evidence to determine if there exists any reasonable theory from which the jury might have concluded that [Kirkman] was guilty." *United States v. McClamory*, 441 F.2d 130, 136 (5th Cir. 1971).  Indeed, there is such a reasonable theory for concluding that Kirkman is guilty: She knew where the coins were kept, removed them, helped to sell them, and kept part of the proceeds without any accounting to their owner.

AFFIRMED.