STUART, Justice
(dissenting).
I respectfully dissent from the majority’s decision to reverse the judgment of the Court of Criminal Appeals affirming the convictions of W.F., W.L.C., and R.J.J. (hereinafter referred to collectively as “the petitioners”) for various hunting offenses. The main opinion states:
“We granted the petition to consider the argument that the decision of the Court of Criminal Appeals affirming their convictions conflicts with Alabama precedent requiring the State to prove (1) every element of an offense and (2) that the accused acted with a culpable mental state.”
214 So.3d at 1158. The judgment of the Court of Criminal Appeals affirming the trial court’s denial of the petitioners’ motion for a judgment of acquittal does not conflict with precedent requiring the State to present sufficient evidence of every element of the offenses of night hunting, hunting from a public road, and hunting from a vehicle to sustain the convictions. The Court of Criminal Appeals recognized that to establish a prima facie case of those offenses the State must present evidence of each element of the offenses, including the requisite culpable mental state; conducted a review of the evidence to determine whether the State had presented sufficient evidence of every element of the offenses; and concluded that the evidence in the record established a prima facie case that the petitioners did engage in night hunting, hunting on a public road, and hunting from a vehicle.
The main opinion states:
“In determining whether, in the absence of Rogers [v. State, 491 So.2d 987 (Ala.Crim.App.1985)], the State made out a prima facie case of each of the charged hunting offenses, the applicable standard is substantial evidence: Whether the convictions are supported by substantial evidence, i.e., ‘evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.’ American Natl Fire Ins. Co. v. Hughes, 624 So.2d 1362, 1366-67 (Ala.1993)(quoting West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989)).”
214 So.3d at 1163.
I believe the following is a more complete statement of the applicable law:
“When a motion [for judgment of acquittal] is made on the ground that the State has failed to establish a prima facie case, it is the duty of the trial court to determine the sufficiency of the evidence to sustain a conviction under the indictment. In its determination, the trial court should consider only the evidence before the [trier of fact] at the time the motion is made and must consider it most favorably to the State. When there is legal evidence from which the [trier of fact] could, by fair inference, find the defendant guilty [of the *1165 offense charged], the trial court should submit [the case to the trier of fact for determination].... ”
Andrews v. State, 473 So.2d 1211, 1213-14 (Ala.Crim.App.1985). Moreover, “[i]n dealing -with the sufficiency of the evidence no conviction should be had upon guesswork and suspicion, but must be based upon substantial evidence as to every material element of the crime of such a character as to convince a fair and impartial jury of the guilt of the accused.” Blue v. State, 246 Ala. 73, 79, 19 So.2d 11, 16 (1944).
When a defendant moves for a judgment of acquittal at the close of the State’s case, at the close of all the evidence, or in a posttrial motion, the defendant is asking the trial court to detei’mine, as a matter of law, whether the State presented sufficient evidence of each element of the charged offense to sustain a conviction. A conviction is based upon evidence supporting a finding that the defendant violated a statutory offense. The elements the State must prove to sustain a conviction are provided by the legislature in the statute defining the offense, not by the judiciary in caselaw and not by counsel in argument. As the main opinion recognizes, “the constitutional doctrine of separation of powers precludes the judiciary from changing a criminal offense. Beck v. State, 396 So.2d 645, 662 (Ala.1980).” 214 So.3d at 1162. Therefore, because an appellate court is “ ‘ “not at liberty to rewrite statutes,” ’ ” 214 So.3d at 1162, and “ ‘may not detract from or add to the statute,’ ” 214 So.3d at 1162, the elements of an offense can be found only in the statute charging the offense and cannot be changed by caselaw. In other words, although an appellate court may interpret a statute defining an offense, it cannot change the elements required to prove the offense. The sufficiency of the State’s evidence to sustain a conviction does not stand or fall on proof of the elements of an offense as defined in caselaw; the sufficiency of the State’s evidence to sustain a conviction stands or falls on the proof of the elements of the offense as provided by the legislature in the statute. Thus, a trial court, when determining whether the State has presented sufficient evidence of each element of an offense to sustain a conviction, must determine if the State presented substantial evidence of each element of the offense as the offense is defined in the statute. Appellate review of the trial court’s decision likewise rests upon whether the State presented sufficient evidence of the elements of the offense as defined by the statute. See Ex parte Bankston, 358 So.2d 1040, 1042 (Ala.1978)(“The role of appellate court is not to say what the facts are. Our role ... is to judge whether the evidence is legally sufficient to allow submission of an issue for decision [by the trier of fact].”).
“ ‘In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the [the trier of fact] might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a [trier of fact] might reasonably so conclude. United States v. Black, 497 F.2d 1039 (5th Cir.1974); United States v. McGlamory, 441 F.2d 130 (5th Cir. 1971); Clark v. United States, 293 F.2d 445 (5th Cir.1961).
“ ‘ “(W)e must keep in mind that the test to be applied is not simply whether in the opinion of the trial judge or the appellate court the evidence fails to exclude every reasonable hypothesis but that of guilt; but rather whether the [trier of fact] might so conclude. Harper v. United States, 405 F.2d 185 (5th Cir.1969); Roberts v. United States, 416 F.2d 1216 (5th Cir.1969). The procedure for appellate *1166 review of the sufficiency of the evidence has been aptly set out in Odom v. United States, 377 F.2d 853, 855 (5th Cir.1967):
“ ‘ “ ‘Our obligation, therefore, is to examine the record to determine whether there is any theory of the evidence from which the [trier of fact] might have excluded every hypothesis except guilty beyond a reasonable doubt. Rua v. United States, 5 Cir., 1963, 321 F.2d 140; Riggs v. United States, 5 Cir., 1960, 280 F.2d 949. In Judge Thornberry’s words,
the standard utilized by this Court is not whether in our opinion the evidence and all reasonable inferences therefrom failed to exclude every hypothesis other than guilt, but rather whether there was evidence from which the [trier of fact] might reasonably so conclude.” Williamson v. United States, 5th Cir., 1966, 365 F.2d 12, 14. (Emphasis supplied)” ’
“ ‘ “The sanctity of the [trier-of-fact] function demands that this court never substitute its decision for that of the [trier of fact]. Our obligation is [to] examine the welter of evidence to determine if there exists any reasonable theory from which the [trier of fact] might have concluded that the defendant was guilty of the crime charged.” McGlamory, 441 F.2d at 135 and 136.’
“Cumbo v. State, 368 So.2d 871, 874-75 (Ala.Crim.App.1978).”
Salva v. State, 885 So.2d 231, 236-37 (Ala.Crim.App.2003).
The petitioners were charged with hunting at night, a violation of § 9-11-235, Ala.Code 1975; hunting from a public road, a violation of § 9-11-257, Ala.Code 1975; and hunting with the aid of an automobile, a violation of Rule 220-2-.ll(l), Ala. Admin. Code (Department of Conservation and Natural Resources).
The legislature defined the offense of night hunting as follows:
“It shall be unlawful, except as to trapping as otherwise provided by law, for a person to take, capture, or kill, or attempt to take, capture, or kill any bird or animal protected by the laws of this state between sunset and daylight of the following day, except that the Commissioner of Conservation and Natural Resources may by a duly promulgated regulation, allow the taking, catching, or killing of raccoons or opossums between sunset and daylight in any county or counties with the state....
“Any person violating this section shall be guilty of a Class B misdemeanor and, upon conviction thereof, shall be punished for the first offense by a fíne of not less than two thousand dollars ($2,000) nor more than three thousand dollars ($3,000) and may be imprisoned in the county jail for a period not to exceed six months. In addition, the court shall revoke all hunting license privileges for a period of three years from the date of conviction.”
“No provision of this section shall be construed to prohibit the nighttime hunting of foxes with dogs.”
§ 9-11-235, Ala.Code 1975.
The legislature defined the offense of hunting from a public road as follows:
“Any person, except a duly authorized law enforcement officer acting in the line of duty or person authorized by law, who hunts or discharges any firearm from, upon, or across any public road, public highway, or railroad, or the right-of-way of any public road, public highway, or railroad, or any person, except a landowner or his or her immediate family hunting on land of the landowner, who hunts within 50 yards of a public road, public highway, or railroad, or their rights-of-way, with a centerfire rifle, a shotgun using slug or shot larger in diameter than manufacturer’s standard *1167 designated number four shot, or a muz-zleloading rifle .40 caliber or larger in this state, shall be guilty of a misdemeanor and, upon conviction, shall be punished for the first offense by a fine of not less than one thousand dollars ($1,000), and shall be punished for the second and each subsequent offense by a fine of not less than two thousand dollars ($2,000) and shall have all hunting license privileges revoked for one year from the date of conviction.”
§ 9-11-257, Ala.Code 1975.
The offense of hunting with the aid of an automobile is defined as follows:
“It shall be unlawful to concentrate, drive, rally, molest or to hunt, take, capture or kill or attempt to hunt, take, capture or kill any bird or animal from or by the aid of
“(1) Any automobile.... ”
Rule 220-2-11(1), Ala. Admin. Code (Department of Conservation and Natural Resources).
Because the foregoing statutes and rule do not include an express statement of mens rea, § 13A-2-4(b), Ala.Code 1975, provides the culpable mental state, stating:
“Although no culpable mental state is expressly designated in a statute defining an offense, an appropriate culpable mental state may nevertheless be required for the commission of that offense, or with respect to some or all of the material elements thereof, if the proscribed conduct necessarily involves such culpable mental state. A statute defining a crime, unless clearly indicating a legislative intent to impose strict liability, states a crime of mental culpability.”
In Ex parte Phillips, 771 So.2d 1066 (Ala.2000), this Court addressed whether evidence of a culpable mental state was required to sustain a conviction for hunting on a baited field, see § 9-11-244, Ala.Code 1975. Like the statutes and the rule defining the offenses of night hunting, hunting on a public road, and hunting from a vehicle, the statute defining hunting on a baited field does not designate a culpable mental state. In Ex parte Phillips, this Court held that application of § 13A-2-4(b), Ala. Code 1975, required that evidence of a “low level of mental culpability” be presented to sustain a conviction for hunting on a baited field. This Court held that the evidence must show that the defendant “either knew or should have known that the area over which he was hunting was baited.” 771 So.2d at 1068.
Reading §§ 9-11-235, 9-11-257, Rule 220—2—.11(1), and § 13A-2-4(b) in part materia, a person commits the offenses of night hunting, hunting on a public road, and hunting from a vehicle when a person knew or should have known that he was taking, capturing, or killing, or attempting to take, capture, or kill a protected bird or animal at night on a public road and from a vehicle. Thus, to establish a prima facie case of night hunting on a public road and from a vehicle, the State must present evidence that the defendant 1) knowingly 2) engaged in the taking, capturing, or killing or in the attempt to take, capture, or kill 3) a protected bird or animal 4) from a vehicle 5) located on a public road 6) at night.[6]
*1168 A review of the record establishes that the State presented sufficient evidence to prove that the petitioners were hunting at night from a vehicle on a public road. Russell Morrow, the retired conservation and enforcement officer for the State of Alabama and a reserve deputy for the Lowndes County Sheriffs Department, testified that he saw the petitioners, stopped on a public road at night, in a vehicle with its left turn signal and headlights engaged; that he heard two high-powered shots fired from inside the vehicle; that the rural area in which the petitioners had stopped the vehicle was frequented by wildlife; that the weapon retrieved from the petitioners’ vehicle after they had been in the hunting cabin for 30 minutes smelled like it had been recently cleaned; and that, when he asked the petitioners what they were shooting at, the petitioners initially denied shooting at anything, then stated that they were shooting firecrackers, and later recanted, admitting that they had a rifle in the truck. Morrow’s testimony that he heard shots fired from the vehicle is evidence indicating that the petitioners knowingly engaged in an overt act toward the commission of the offenses. Evidence of the requisite mens rea may also be inferred from Morrow’s testimony that the petitioners initially stated that they were shooting firecrackers, their subsequent admission to having a rifle in the truck, and the testimony that the rifle had recently been cleaned. From the foregoing evidence, albeit circumstantial,[7] the trial court, as the fact-finder, could have concluded that the State had proven all the elements of night hunting from a vehicle on a public road to support the petitioners’ convictions.
Because an analysis of the evidence in the record supports the judgment of the Court of Criminal Appeals that the trial court properly concluded that the State presented sufficient evidence of each element of the charged offenses to sustain the petitioners’ convictions, I respectfully dissent from the decision to reverse the judgment of the Court of Criminal Appeals and to order that the petitioners’ convictions be vacated.
BOLIN, J., concurs.

. It is worthy of noting that the legislature when defining the offense of taking deer at night in § 9-11-251, Ala.Code 1975, specifically included as an element of the offense the use of a light. Section 9-11-251 provides: "It shall be unlawful for any person, firm or corporation to take, capture or kill deer at night in Alabama by any means or device, including but not limited to the use of any type of light.” Unlike the offense of taking deer at night, the legislature did not include in its definition of the offense of night hunting the use of a light as a means of taking, capturing, or killing or attempting to take, capture, or kill a protected bird or animal.

. In Ward v. State, 610 So.2d 1190, 1191-92 (Ala.Crim.App.1992), the Court of Criminal Appeals stated:
"Circumstantial evidence is not inferior evidence, and it will be given the same weight as direct evidence, if it, along with the other evidence is susceptible of a reasonable inference pointing unequivocally to the defendant's guilt. Ward v. State, 557 So.2d 848 (Ala.Cr.App.1990). In reviewing a conviction based in whole or in part on circumstantial evidence, the test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude. Cumbo v. State, 368 So.2d 871 (Ala.Cr.App.1978), cert. denied, 368 So.2d 877 (Ala.1979).”